UNITED STATES of America ex rel. Harry Carson McNERLIN, Relator-Appellant,

v.

Wilfred L. DENNO, Warden of Sing Sing Prison, Ossining, New York, Respondent.

No. 21, Docket 28157.

United States Court of Appeals Second Circuit.

Argued Oct. 3, 1963.

Decided Nov. 6, 1963.

David M. Dorsen, New York City, for petitioner-appellant.

Ronald J. Offenkrantz, Deputy Asst. Atty. Gen. of State of New York (Louis J. Lefkowitz, Atty. Gen., and Irving Galt, Asst. Solicitor Gen., on the brief), for respondent.

Before LUMBARD, Chief Judge, and FRIENDLY and SMITH, Circuit Judges.

J. JOSEPH SMITH, Circuit Judge.

Relator was convicted on trial to the jury in the New York State Courts of murder in the first degree for shooting a close friend in resentment at the friend's advice to stop annoying some girls with requests to dance in a tavern. Sentence of execution was later commuted to life imprisonment. The conviction was affirmed on appeal, People of State of New York v. McNerlin, 11 N.Y.2d 738, 226 N.Y.S.2d 443, 181 N.E.2d 456 (1962), the Court of Appeals later amending its mandate to certify that it considered and rejected a claim that a coerced confession had been introduced at the trial. Certiorari was denied McNerlin v. United States, 371 U.S. 850, 83 S.Ct. 88, 9 L.Ed. 2d 85 (1962). Application for writ of habeas corpus to the United States District Court for the Southern District of New York was denied by Judge Weinfeld February 27, 1963 without a hearing. We find no error in the denial of the writ, and affirm the judgment.

Briefly the circumstances of the shooting were as follows: Relator McNerlin and his friend John Setari had spent some time on a Sunday afternoon and evening with another man and three girls drinking beer and liquor in a park and in bars. There was a juke box in one of the bars. Whether it was in operation during the evening and whether anyone was dancing is not clear, but in any event McNerlin asked some of a second group of three girls with whom he was acquainted to dance or go out with him. They refused. Setari told McNerlin to "lay off" and leave the girls alone. McNerlin walked some ten or eleven blocks to his home, changed clothes, got out a .357 single action revolver, loaded it, put it in his belt, put some thirty additional cartridges in his pocket and returned to the bar. There he talked to Setari, and asked the girls again if they wanted to dance. When they again refused, Setari once more advised McNerlin to leave the girls alone. McNerlin then fired one shot down his leg, the bullet ricocheting and slightly injuring one of the girls. He then fired four more shots, each time manually recocking the single action revolver. One of the shots struck Setari in the chest and fatally injured him. At the time, Setari was directly in front of McNerlin,

some two or three feet away, and had just thrown one of the girls over a booth to get her out of the way of the shots. McNerlin ran from the bar to the home of a friend on another street, where he was found by police lying near the steps to the house, crying hysterically. He had dropped or thrown the gun a few feet away.

He was taken to a police station, where, after calming down, he gave a detailed account of his actions during the day, including the shooting. An assistant district attorney was called, and a stenographer, who took down a statement in question and answer form, which was transcribed and signed by McNerlin.

Relator was 21, had been drinking, had no criminal court experience, was without counsel and, so far as appears, without warning as to his rights. He showed no reluctance to talk when questioned promptly after the shooting of his friend, which occurred at about 11:15 p. m. There was no undue delay in calling in the Assistant District Attorney, who arrived shortly after midnight, or the stenographer; the statement under attack was taken down between 3:30 and 4:30 a. m., and was transcribed and signed by 5:30 or 6:00 a. m.

The issue in this case is whether the District Court was required to hold a factual hearing on a petition for writ of habeas corpus based on a claim that a confession admitted in evidence in a state court murder trial over objection on the ground the confession was coerced made the conviction void as lacking in due process. The issue of voluntariness was submitted to the jury in the criminal trial. The judge refused to exclude the confession, and instructed the jury that it was not to consider the confession unless it was voluntary and not the result of the claimed threats. In the instant habeas corpus proceeding in the District Court, no evidence was taken on the issue. Judge Weinfeld denied a hearing not only because he found no "vital flaw" in the state proceedings, but also because he found no reason for exercising his discretion to grant a hearing.

It is contended that under Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), decided subsequent to Judge Weinfeld's decision in the instant case, there is an absolute right to an evidentiary hearing in the District Court. We do not so read the opinion. To be sure, where a genuine issue as to the use of a coerced confession is discernible, and the facts were not adequately developed at the state hearing, or relator was not given a full and fair opportunity to develop them, relator is not concluded by the decision of the question in the criminal trial. Inspection of the record, however, demonstrates that the claim of coercion was so little supported that a finding that the written confession came when relator's will had been overborne by threats and fear would have been without substantial support, and no claim is made that additional evidence has been discovered.

Relator had made the oral confession, the voluntary nature of which is not questioned, promptly after the shooting. The later written confession, a signed transcription of stenographic notes of questions asked by an assistant district attorney and answered by relator, closely corresponds in detail to the oral confession except that the latter was expanded by several questions and answers on intent to shoot. This correspondence with the earlier statement, of course, would not make the later confession admissible if it was not voluntary, but does destroy the credibility of relator's claims that in making the written confession he was merely parroting words placed in his mouth by the police, that he had no actual memory of events, and that he was in fear when he made the written confession. On some prompting by counsel, the fear was said by relator to be based on physical abuse and a threat by an unidentified officer that relator wouldn't get out of there and that it would be "bad for" relator if he didn't confess. On cross examination the physical abuse promptly diminished to a claim that someone had "more or less pushed [him] around." Indeed, in argument to the jury, defense

counsel thus characterized the claim of physical abuse: "He said he was pushed around a little bit, not too bad." To such a thin showing the prosecution's only rebuttal, aside from the cross examination, was testimony of the assistant district attorney who had interrogated relator that he noticed nothing unusual. The police officers were not called, the prosecution relying apparently on the weakness of relator's proof.

In the state of the proof here, with the relator obviously testifying falsely as to a major part of his testimony—that the details of the written confession were invented by the officer—and the inconclusive and unsupported testimony as to physical abuse, we can hardly say that the failure of the state to put the officers on the stand was a failure to develop evidence crucial to the adequate consideration of the constitutional claim.

The issue of fact, whether McNerlin's will had been overborne so that it was not the product of a rational intellect and a free will had been determined in the criminal trial. The District Court was not bound to accept that determination but was free to hold an evidentiary hearing, to try the issue of fact anew. Rogers v. Richmond, 357 U.S. 220, 78 S. Ct. 1365, 2 L.Ed.2d 1361 (1958). It was not, however, required to do so since the state court trier of fact had after a full hearing reliably found the relevant facts. Townsend v. Sain, supra, 372 U.S. at 313, 83 S.Ct. at 757, 9 L.Ed.2d 770. The only claim made by relator here which approaches one of substance is that the material facts were not adequately developed at the state court hearing because of the failure of the state to call to the stand the officers who had been present during times when Assistant District Attorney Chetta had been out of the room to deny that any of them had ever pushed McNerlin around a little or had told McNerlin that he would never get out of there if he didn't tell what an officer wanted to know, or that he was told that if he complained they'd make it bad for him. It is not claimed, however, that any evidence is now available which was not then available to McNerlin on this issue. Even though the District Court felt that the wiser course for the prosecution would have been to call the police officers after McNerlin testified, we are unwilling to hold it an abuse of discretion for a District Court to refuse a new hearing on the issue when his examination of the state court record disclosed a fundamentally fair hearing on the issue, and the only support for defendant's claims was his own testimony, weakened by palpable evasions. There was here none of the evidence of physical abuse, long detention, extended questioning, trickery or psychological pressure common to coerced confession cases which tend to support claims for relief on habeas corpus and lead courts readily to grant hearings to determine the extent and effect on the will of the prisoner of such methods.

Under the circumstances of this case, Judge Weinfeld's examination of relator's papers and of the state court record showed adequate basis for the state court finding, and nothing to indicate that a hearing might develop material facts not developed at the state court hearing. Granting a hearing under these circumstances would merely add to the burden on the District Courts, and lessen the opportunity for consideration of cases with substance. See Judge Friendly's concurring opinion in United States v. LaValle, 319 F.2d 308, 319 (2 Cir. 1963); Townsend v. Sain, supra 372 U.S. at 319, 83 S.Ct. at 760, 9 L.Ed.2d 770.

The court expresses its thanks to assigned counsel David M. Dorsen, of the New York Bar, for his able and diligent representation of relator in this court.

The judgment dismissing the writ is affirmed.