UNITED STATES of America ex rel. William PETERSEN, Petitioner,

v.

Hon. Daniel McMANN, Warden of Clinton Prison, Dannemora, New York, Respondent.

Civ. No. 10342.

United States District Court
N. D. New York.

Oct. 13, 1964.

---

1. See Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956).

William Petersen, pro se.

JAMES T. FOLEY, Chief Judge.

Although not disclosed in the petition, this petitioner has made six applications for habeas corpus to Judge Brennan from 1946 to September 1963. In a denial of December 12, 1958, Judge Brennan wrote a twelve-page decision which should evidence careful consideration of the petitioner's challenge. The Judge found the confessions made between arrest and arraignment admitted in evidence at the trial not coerced. This decision was affirmed in a substantial opinion of the Court of Appeals, Second Circuit. (United States ex rel. Peterson v. La Vallee, 1960, 279 F.2d 396 (Swan, J.), cert. den. 364 U.S. 922, 81 S.Ct. 289, 5 L.Ed.2d 262). It is clear why the petitioner now turns to me, and the quandary will be: What will this Court do concerning the question that has been finally determined by it and its appellate supervisors if it does come back? (See McNerlin v. Denno, 2 Cir., 324 F.2d 46, remanded 378 U.S. 575, 84 S.Ct. 1933, 12 L.Ed.2d 1041).

The petitioner was convicted in Kings County of Murder, first degree, on February 5, 1943 and thereafter sentenced to life imprisonment pursuant to recommendation of the trial jury. Again, the attack in the present petition is upon the confessions used at the trial and is based upon the recent ruling in Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908. Judge Leibowitz denied coram nobis based upon this new concept without a hearing on September 15, 1964. The petitioner encloses a copy of an affidavit from Assistant District Attorney William I. Siegel in opposition to the coram nobis application, and the position therein, in effect, is that the Jackson ruling is not retroactive. There will be much travail in the New York system before things settle down as to the procedures to be invoked to award hearings on the voluntariness of confessions pursuant to the Jackson ruling. In Jackson, the Supreme Court stated it cannot assume New York will not afford hearings in this type claim. There are viewpoints expressed different and inconsistent in New York. In a "White Paper" issued by the office of the District Attorney of New York County recently, it is stated that although the Court in Jackson did not state that its decision is retroactive, the tenor of the opinion, as well as the concomitant action, clearly indicates that it is. People v. Miller, N.Y.Sup.Ct. (Postel, J.), 8/25/64, 33 Law Week 2123, held Jackson was not retroactive. County Judge Kelly of Nassau County, in a decision dated September 24, 1964, ruled that Jackson v. Denno required the Court to provide a remedy for hearing and, although stating that coram nobis did not lie, treated the application as one for a writ of habeas corpus and directed a hearing to be held on the voluntariness of the confession. In my judgment, the dissent of Justice Harlan in Jackson v. Denno, 378 U.S. at page 439, 84 S.Ct. 1774, and the writing in dissent of Justice Black forecasting the cloud on hundreds of convictions in New York, points up strong indication that the majority intended the ruling to be applied retroactively. The procedures of New York proper to meet the mandate of the United States Supreme Court for hearings separate from a jury on the voluntariness issue of a confession will need judicial appellate clarification and guidance from the Courts of New York or legislative enactment of procedures by its Legislature.

There are appellate remedies open in New York for the petitioner from the denial of Judge Leibowitz. (See Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed. 2d 837).

The petition is denied and dismissed. The papers shall be filed without payment of fee, and it is

So ordered.