UNITED STATES of America ex rel.
Aaron ROBINSON, Relator-
Appellant,

v.

Edward M. FAY, as Warden of Green
Haven Prison, Stormville, New York,
Respondent-Appellee.

No. 520, Docket 29379.

United States Court of Appeals
Second Circuit.

Argued June 9, 1965.

Decided July 22, 1965.

Joshua N. Koplovitz, New York City (Anthony F. Marra, New York City, on the brief), for petitioner-appellant.

Brenda Soloff, Deputy Asst. Atty. Gen., of the State of New York (Louis J. Lefkowitz, Atty. Gen., and Samuel A. Hirshowitz, First Asst. Atty. Gen., on the brief), for respondent-appellee.

Before WATERMAN, FRIENDLY and SMITH, Circuit Judges.

J. JOSEPH SMITH, Circuit Judge:

Aaron Robinson, confined in Green Haven Prison on a sentence of imprisonment for 30 years to life imposed by the Onondaga, New York, County Court following a plea of guilty to a charge of murder in the second degree, after an unsuccessful effort to obtain relief by writ of error *coram nobis* in the state courts, sought release on writ of habeas corpus in the United States District Court for the Southern District of New York. Robinson's claim was that assigned counsel did not effectively represent him at the time of plea and that, a conflict having arisen between Robinson and counsel at the time of sentence, he should have been allowed to withdraw his plea and other counsel should have been appointed to represent him. The District Court, John M. Cashin, Judge, on the transcript of the proceedings at the time of plea and sentence, held that the state court on the motion to withdraw the guilty plea had found the factual issues against Robinson, that there was no need for a *de novo* hearing, and that there was no denial of Robinson's constitutional rights in the proceedings either at the time of plea or sentence, appointment of other counsel not being required by any claim raised by Robinson at the time he attempted to withdraw his plea. We find no error and affirm the orders and judgment of the District Court.

Robinson, one McCants and one Beasley determined to hold up a store owner in Syracuse, New York. Robinson, who lived nearby, supplied a taped tire iron, but remained outside as lookout. McCants and Beasley entered the store and one of them fatally injured the store owner with the tire iron in the course of the robbery. McCants was captured, Beasley escaped and Robinson was picked up later. Robinson and McCants, indicted for first degree murder, pleaded not guilty, were assigned counsel and later agreed to enter pleas of guilty of second degree murder, whereupon the charges were reduced to that degree, and guilty pleas were entered. Sometime later, when brought back for sentence, Robinson claimed that his counsel had promised to have him brought back on a writ if Beasley should be caught, and that jail guards had advised that this couldn't be done. Robinson asked to withdraw his plea and go to trial. At one point he stated that he was not claiming to be not guilty, or innocent, but wanted a trial; at a later point stated that he felt he was innocent. While he had stated at the time of plea that it was freely made without promises by anyone, he now claimed that he was influenced by his lawyer's plea not to put McCants' neck in a noose. Counsel at the time of Robinson's attempt to withdraw the plea, disputed Robinson's version of what counsel had said to him.

Three rulings are here under attack, the District Court's refusal to grant a hearing, and the rulings that there was no inadequacy of counsel at the time of plea, and that due process did not require appointment of new counsel when the dispute arose as to what counsel had advised Robinson at the time of plea.

Since petitioner's claims as to what transpired at the times of the plea and sentence were fully developed and determined in the record of the state court proceeding, the District Court was not required to hold a further hearing, but was justified in determining the issues on the relator's papers and the state court record. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); United States ex rel. McNerlin v. Denno, 324 F.2d 46 (2 Cir. 1964), vacated and remanded on other grounds 378 U.S. 575, 84 S.Ct. 1933, 12 L.Ed.2d 1041 (1964). There was no claim that any other evidence existed than the statements of Robinson and counsel as to the terms of the advice given Robinson. Judge Cashin held that the state court had resolved the conflict in testimony against Robinson, and that he could and did accept that resolution of the factual issue. It was within his judicial discretion to do so. No further factual hearing was necessary.

The claim of inadequacy of counsel at time of plea is totally lacking in support in Robinson's showing. Experienced counsel, appointed to represent Robinson, investigated the state's evidence in the case, which, if believed by the jury (and it was borne out by Robinson's admissions), would have justified a first degree felony murder verdict. He advised acceptance of the second degree plea. Robinson agreed, and a certificate of reduction of degree was filed, both defendants stating that the plea was without promises on anyone's part. At this point there was no lack of effective representation by counsel, for any chance of acquittal was slight indeed, and the plea avoided a death sentence.

There remains the question whether the factual dispute between Robinson and counsel as to what had transpired made it essential as a matter of due process for the state court to supersede appointed counsel, to provide other counsel and hold a plenary hearing with Robinson ' so represented, to determine the application to withdraw the plea. We think such a course not required under the circumstances here. Even were Robinson's tale credited, it would not establish that he was under any misapprehension of what he was doing in entering the plea. He knew he was pleading guilty in the second degree and subject to the punishment therefor, and was avoiding trial on the capital charge. If he was partly influenced by a desire to help McCants also escape the chair it would not invalidate Robinson's plea. The judge was not required to allow the withdrawal where the defendant was represented by competent counsel, the plea was voluntarily made with no inducement by court or prosecution, the state had been ready to go ahead at the time of the plea, and the state had filed a certificate of reduction of the charge on the strength of the plea. United States v. Giuliano et al., 348 F.2d 217 (2 Cir. July 9, 1965). And we think it was for the court to say whether appointment of other counsel was called for when the defendant sought to withdraw a freely entered plea and differed with appointed counsel on the wording of advice given at the time of plea. The court was entitled to disbelieve Robinson's highly improbable version of counsel's advice that he could be brought back on "a writ" if Beasley were apprehended. Even if it were credited, such mistaken advice would not in our opinion invalidate the plea as one entered without counsel and therefore without due process. Moreover, there is no indication whatever that Beasley could have exculpated Robinson.

A defendant in a criminal case is entitled to representation by counsel. If he so chooses, he is entitled to act as his own lawyer. However, change in representation, once proceedings in a case have begun, is necessarily not absolute under any and all conditions, as we have recently pointed out in United States ex rel. Maldonado v. Denno and United States ex rel. DiBlasi v. McMann, 348 F.2d 12 (2 Cir. July 12, 1965). Nor can every disagreement with counsel's version of statements to a defendant require a halt in the proceedings and the

briefing of substitute counsel. Merely because an alternative course might have been possible is not sufficient ground for a finding of lack of due process here.

The orders and judgment of the District Court are affirmed.