The foregoing opinion constitutes our findings of fact and conclusions of law.

Plaintiff's attorneys are directed to compute the amount of unpaid wages and to prepare a decree in conformity herewith, submit the same to counsel for defendant and then to the Court for entry.

Robert Michael **HAWPETOSS**, #12652–A, Petitioner,

v.

John C. **BURKE**, Warden, Wisconsin State Prison, Respondent.

No. 68–C–320.

United States District Court
E. D. Wisconsin.

March 19, 1969.

Robert Michael Hawpetoss, pro se.

Bronson C. La Follette, Atty. Gen., William A. Platz, Asst. Atty. Gen., Madison, Wis., for respondent.

**1200**

## OPINION AND ORDER

REYNOLDS, District Judge.

In 1961, petitioner was convicted in the Circuit Court of Shawano County, Wisconsin, of manslaughter, in violation of § 940.05, Wis.Stats., and admitted that he was a repeater as defined in § 939.62, Wis.Stats. He was then sentenced to an indeterminate term of not more than twelve years in the Wisconsin State Prison. Petitioner sought a writ of habeas corpus from the state courts on exactly the same grounds that are asserted in this court. The state petition was denied in September 1968 without opinion.

In November 1968, petitioner was allowed to file a petition for writ of habeas corpus in forma pauperis in this court. A response thereto was ordered, and a traverse has been filed.

As this court reads the pleadings, petitioner seeks to be discharged from custody on essentially two grounds. First, he claims that his plea of guilty was involuntary. Second, he claims that he had inadequate representation by counsel.

The transcript of all state court proceedings in this case is a part of the record in this action and has been carefully studied by this court.

■ In view of the record of the proceedings in the state court, and taking the factual allegations of petitioner as true, an evidentiary hearing is unnecessary. United States ex rel. Robinson v. Fay, 348 F.2d 705 (2d Cir. 1965), cert. denied 382 U.S. 997, 86 S.Ct. 583, 15 L. Ed.2d 484 (1966).

The facts out of which the conviction arose should be briefly stated. Petitioner, his brother, and one Leroy Stick entered petitioner's home (which was also the home of his parents) one evening and encountered three persons whom they did not know. It appears that the three strangers were friends of a third brother and had been given permission to remain in the home that evening. A fight developed between the two groups. It is admitted by petitioner that he started the altercation. As a result of the fight, one William Nilis died. His death was caused by the penetration of a blunt instrument (i. e. screwdriver) into his skull.

Petitioner, his brother, and Stick were charged first with second degree murder; later the charge was reduced to manslaughter. All three were present at the preliminary examination prior to arraignment. At all times petitioner was represented by an attorney. At the arraignment, plea, and sentencing, petitioner and his brother were represented by the same attorney. This attorney had been hired by them. At no time during the course of the proceedings in the trial court did petitioner indicate he was dissatisfied with his attorney or request a continuance to employ different counsel.

Petitioner was convicted, upon a plea of guilty, to a charge of manslaughter and as a repeater, and was sentenced to twelve years in the Wisconsin State Prison.*

## WAS PETITIONER'S PLEA OF GUILTY INVOLUNTARY?

■ It is clear from the record in the trial court that prior to his plea of guilty, petitioner labored under a misconception of the law in the State of Wisconsin. Petitioner apparently believed that since only one person had died, only one person

---

* On the same day, petitioner was convicted in the same court by the same judge of two counts of burglary, in violation of § 943.10(1) (a), Wis.Stats., and was sentenced to two concurrent terms of not more than three years, to run consecutively to the sentence for manslaughter.
On February 15, 1965, petitioner was convicted of burglary, in violation of § 943.10(1) (a), Wis.Stats., by the Circuit Court of Milwaukee County, and was sentenced to five years in the Wisconsin

State Prison, to run concurrently with his prior sentence on which he was then a parole violator.
On February 6, 1968, petitioner was convicted in the Circuit Court of Milwaukee County of attempted burglary, in violation of §§ 939.32 and 943.10(1) (a), Wis. Stats., and was sentenced to three years in the Wisconsin State Prison, this term to run concurrently with the other terms in force.

could be charged as a principal in a crime relating to the death. His position was that he had not inflicted the fatal blow and therefore could not be charged as a principal in the crime arising from the death. Petitioner's counsel explained the correct law to him on the record, and the record in no way indicates that petitioner did not understand the explanation.

Petitioner first pleaded "not guilty" to the manslaughter charge, then changed his plea to "guilty."

The record further indicates that the trial judge explained the consequence of a plea of guilty and gave the petitioner ample opportunity to plead not guilty.

Consequently, this court finds that the plea entered by petitioner was voluntarily made and was made with an understanding of the consequences thereof.

## WAS PETITIONER REPRESENTED BY INADEQUATE COUNSEL?

█ Petitioner was represented by counsel of his own choosing. At no point during the state court proceedings, which resulted in his incarceration, did petitioner complain about the quality of his representation. Petitioner did not request a continuance to employ other counsel or in any way indicate to the trial court that he was dissatisfied with his attorney.

Now, however, eight years after the proceedings, petitioner accuses his attorney of incompetence. Incompetence is asserted on the ground that his attorney "had no record to speak of as an experienced criminal defense attorney." It is not alleged that the attorney had in fact *no* experience in the defense of criminal charges. Even assuming, as petitioner asserts, that his attorney told him he did not have great experience in the criminal field, this does not establish incompetency of counsel. This is especially true when the counsel is a person of petitioner's own choosing.

It is further alleged that counsel was incompetent because he accepted a "bargain" whereby the charge of second degree murder would be reduced to a charge of manslaughter in exchange for a plea of guilty. However, petitioner himself entered the plea and at first pleaded not guilty to the manslaughter charge. It is clear from the record that when petitioner pleaded not guilty to manslaughter, he did so under the belief that the state could not charge all three persons as principals in the death of Nilis. Petitioner repeatedly attempted to plead guilty "as an accessory." After the error of his legal theory was explained to him on the record, and after a further conference with his attorney, petitioner pleaded guilty to the charge of manslaughter. It is difficult to understand how counsel's action of correcting petitioner's erroneous understanding of the law could possibly constitute incompetence of counsel.

This court therefore finds that petitioner has not sustained his burden of proving that he was represented by incompetent or inadequate counsel. See United States ex rel. Conroy v. Pate, 240 F.Supp. 237 (N.D.Ill.1965).

Since petitioner's conviction was based upon a plea of guilty, and consequently there was no trial, the allegations that the state suppressed evidence, which are totally unsupported by factual allegations, are frivolous. Petitioner's further allegation that statements taken from him were used against him is utterly without foundation in the record. There is no record of any inculpatory statement in this case. The conclusion by petitioner that such statement existed without alleging supporting facts is totally insufficient.

The foregoing constitute the findings of fact and conclusions of law in this case pursuant to Rule 52(a) of the Federal Rules of Civil Procedure.

For all the foregoing reasons,

It is ordered that the petition of Robert Michael Hawpetoss for writ of habeas corpus shall be and it hereby is denied.