James Herbert FULTZ, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Feb. 4, 1966.

James Herbert Fultz, pro se.

Robert Matthews, Atty. Gen., John B. Browning, Asst. Atty. Gen., for appellee.

MILLIKEN, Judge.

From a conviction of armed robbery, defendant appealed on the ground that the trial court erred in refusing to appoint other counsel to represent him after he had requested dismissal of the lawyer originally appointed. He was permitted to appeal forma pauperis and a transcript of the record and testimony was supplied.

On July 7, 1964, the appellant, James Herbert Fultz, forcibly took a pistol from Carl Johnson, a police officer, while detaining him with a sawed-off shotgun. The appellant admitted he took the gun, but said he was in fear of his life because the officer with Johnson, Ed Hall, had beaten him on a previous occasion while arresting him. The appellant had the officer's pistol the next day when arrested.

The appellant contends that he was denied the right to counsel because the court refused to appoint another attorney after the appellant had requested dismissal of his originally appointed counsel. The appellant moved to permit him to discharge his attorney, and further moved the court to appoint another attorney for him, the alleged reasons being that his attorney was not "properly or helpfully representing his case." The court advised the appellant that in the estimation of the court the appointed counsel was "able and capable," and that the court would not appoint other counsel, but that the appellant could represent himself if he so elected, which he did.

When counsel has been appointed by the court, the defendant is not entitled to dismiss counsel and have a substitute appointed except for adequate reasons or a clear abuse by counsel. Brown v. United States, 105 U.S.App.D.C. 77, 264 F.2d 363 (1959); United States ex rel. Robinson v. Fay, 2 Cir., 348 F.2d 705 (1965). Of course, the right to counsel can be waived as the appellant chose to do in this case. Davenport v. Commonwealth, Ky., 390 S.W. 2d 662 (1965). In the case of Tanner v. Commonwealth, Ky., 375 S.W.2d 694 (1964), it was held that a defendant convicted of armed robbery and sentenced to life imprisonment effectively waived his right to counsel where the court had appointed counsel to represent him, but the defendant elected to represent himself after being informed that he could not have the lawyer he wanted.

RCr 9.04 provides that if the Commonwealth consents to the reading to the jury of affidavits setting forth the testimony of absent witnesses, the trial shall not be postponed on account of their absence. The appellant contends that he was denied

the evidence of two physicians who would have testified that they treated him after police beatings. The affidavits of the missing witnesses were read to the jury and the trial court instructed the jury to treat the affidavits as the testimony of those witnesses. The jurors returned a verdict of guilty ten minutes after the case was submitted to them, and the trial judge polled the jury to make sure that the verdict was unanimous.

The judgment is affirmed.