**UNITED STATES of America**

v.

**Linwood WHITE, Appellant.**

**No. 22874.**

United States Court of Appeals,
District of Columbia Circuit.

Argued Jan. 14, 1970.

Decided May 8, 1970.

Mr. Louis Flax, Washington, D. C.
(appointed by this court), with whom Mr.
Kirk W. Weinert, Washington, D. C., was
on the brief, for appellant.

Mr. Richard W. Perkins, Atty., Dept.
of Justice, of the bar of the Supreme
Court of Connecticut, pro hac vice, by
special leave of court, with whom Messrs.
Thomas A. Flannery, U. S. Atty., John
A. Terry and William H. Collins, Jr.,
Asst. U. S. Attys., were on the brief, for
appellee. Mr. Roger E. Zuckerman, Asst.
U. S. Atty., also entered an appearance
for appellee.

Before BAZELON, Chief Judge,
FAHY, Senior Circuit Judge and JAME-
SON,* Senior Judge.

* Sitting by designation pursuant to the provisions of Title 28, U.S.Code, Section 294(d).

FAHY, Senior Circuit Judge:

Appellant was convicted of robbery,[1] assault with a dangerous weapon,[2] and carrying a dangerous weapon without a license.[3] He was sentenced for a term of 5 to 15 years on the robbery count, 2 to 6 years for the assault, to run consecutively with his sentence for robbery, and one year on the dangerous weapon count, to run concurrently with the sentences imposed on the other two counts.

 We affirm the convictions of assault and carrying a dangerous weapon. Not only was there adequate evidence to support these convictions but appellant's expressed dissatisfaction with his trial counsel did not obligate the court either to substitute new counsel or advise him sua sponte of his right to proceed pro se.[4] The discretion available to the trial court not to substitute counsel, which appellant concedes is considerable, was not abused. His claim to the contrary is that prejudice resulted from counsel's lack of investigation of the case, and this turns upon counsel's failure to take steps in the effort to have excluded evidence seized when appellant was arrested. We examine this matter when we consider further along in this opinion the conviction of robbery, as to which we find no prejudicial error.

 Nor do we find error in the circumstances of this case in the omission of the trial court to advise appellant of his right to proceed pro se. We need not resolve the question whether this right has constitutional status—see the opinions in Brown v. United States, 105 U.S. App.D.C. 77, 264 F.2d 363 (en banc), cert. denied, 360 U.S. 911, 79 S.Ct. 1299, 3 L.Ed.2d 1262 (1959)—for, whether or not, the situation here did not require such advice. Appellant gave no indication of a desire to proceed without counsel. He made no request to be permitted to do so. In expressing dissatisfaction with appointed counsel he was appealing rather to the discretion of the court to substitute another. Especially applicable is the statement in United States ex rel. Maldonado v. Denno, 348 F.2d 12, 15 (2d Cir. 1965), cert. denied, 384 U.S. 1007, 86 S.Ct. 1950, 16 L.Ed. 2d 1020 (1966):

> Regardless of whether he has been notified of his right to defend himself, the criminal defendant must make an unequivocal request to act as his own lawyer in order to invoke the right.

Otherwise, as there also pointed out, convicted criminals would be given a ready tool to upset adverse verdicts after trials at which they had been represented by counsel.

Coming to the conviction of robbery, evidence was admitted which had been seized by officers in arresting appellant in the house of a friend. They entered the house in circumstances which suggests a question under the Fourth Amendment. To place this matter in its proper setting we outline the over-all factual situation.

The case grew out of an encounter between appellant, a passenger in a cab, and the cabman. The latter testified he was held up at gun point by appellant, who obtained as a result several bills of money clipped together in a large paper clip. The cabman testified, however, that he obtained an opportunity to turn his gun upon appellant and that he shot him twice. Appellant dropped his gun in the car, opened the rear door of the cab and lay on the ground. As the cabman was summoning the police on his radio, appellant got up and fled. Appellant tells a different story. He says there was a quarrel over the correct fare, that he was threatened by the cabman, and that this led him to produce a pistol. He went on to say that in the course of the quarrel, apparently as a gesture of indifference over the money argument, the cabman tossed the clipped money to ap-

---

1. 22 D.C.Code § 2901.

2. 22 D.C.Code § 502.

3. 22 D.C.Code § 3204.

4. When appellant expressed dissatisfaction with appointed counsel the court was not called upon to advise he could retain counsel, no suggestion having been made that his status of indigence which had led to appointment of counsel had changed.

pellant and then shot him. When called to the scene the officers who arrested appellant traced him to a nearby house. They entered, found appellant in the bathroom, wounded, arrested him, and took from him the clipped currency, along with his hat, coat and bloody shirt, all of which were introduced in evidence. On his arrest appellant was identified by the cabman and later his fingerprints were taken and compared with fingerprints on the cab.

As to the manner of the officers' entry into the house it simply appears from their testimony that they went in. The only other testimony came from the witness whose home it was. He said, "I opened the front door and they came in and told me they were looking for someone, that they heard he was here."

■■ No motion to suppress the evidence, and no objection to its admission, were made. Thus the court did not explore in more detail the circumstances of the entry, arrest and seizure of the evidence. Plain error affecting a substantial right in respect of these matters accordingly does not appear from the record before us. Should there be occasion further to pursue the inquiry our affirmance is without prejudice to proceedings under 28 U.S.C. § 2255.

Affirmed.