**William O. WITHERSPOON, Petitioner,**

v.

**The Honorable Leonard P. WALSH, Judge, United States District Court for the District of Columbia, Respondent.**

**No. 72–1115.**

United States Court of Appeals, District of Columbia Circuit.

Argued March 16, 1972.

Decided May 9, 1972.

Mrs. Marilyn Cohen, Washington, D. C., for petitioner. Mr. Lawrence H. Schwartz, Washington, D. C., was on the pleadings for petitioner.

Mr. Paul L. Friedman, Asst. U. S. Atty., with whom Messrs. Harold H. Titus, Jr., U. S. Atty., and John A. Terry, Asst. U. S. Atty., were on the pleadings, for respondent. Messrs. Henry F. Greene, Michael J. Madigan, and John O' B. Clarke, Jr., Asst. U. S. Attys., also entered appearances for respondent.

Before FAHY, Senior Circuit Judge, and LEVENTHAL and ROBB, Circuit Judges.

PER CURIAM:

By this petition for a writ of prohibition, the petitioner, William O. Witherspoon, sought to prevent the respondent, the Honorable Leonard P. Walsh, from

enforcing against him the sanction provided in Rule 87 of the Local Rules of the District Court for the District of Columbia. Rule 87 requires a defendant, on demand, to furnish the Government with a list of the witnesses on whom the defendant will rely to establish an alibi defense at trial. The sanction for non-compliance by a defendant, in the absence of good cause shown, is exclusion at trial of any alibi evidence other than the testimony of the defendant himself. Petitioner is awaiting trial on a second degree murder charge arising out of the death of his wife. The Government filed a demand for notice of intention to raise an alibi defense. Petitioner moved to quash the demand, and the District Court denied the motion. This petition for a writ of prohibition followed. We deny the petition.

Petitioner has raised several objections to the Rule, including the contentions that this Rule lacks fairness, and is a denial of due process, given the context of the existing practice of discovery provided in the Federal Rules of Criminal Procedure; and that the District Court is without power under Rule 57(b), Federal Rules of Criminal Procedure, to promulgate a local rule that has such fundamental impact and relates to a matter where the Supreme Court has declined to act.

While there is a claim that the District Court lacks jurisdiction, we think the overall nature of the legal issues involved renders it inappropriate to interfere in the criminal process at the pretrial stage through the medium of a prerogative writ.

The District Court apparently developed its notice of alibi rule on the assumption that validity of such a rule had been established in Williams v. Florida, 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed. 2d 446 (1970). Petitioner says, *inter*

*alia*, that *Williams* upholds the fundamental fairness of a notice of alibi rule, as against a claim of due process violation, only in the context of Florida's criminal procedure which provided broad discovery to the defendant as well as to the prosecutor. 399 U.S. at 81–82, 90 S.Ct. 1893.

In 1944, the Supreme Court declined to adopt a notice of alibi rule that was proposed to it as an amendment to the Federal Rules of Criminal Procedure, 52 F.R.D. 433 (1971). Another alibi notice rule is again pending submission to the Supreme Court. The notes of the Advisory Committee say that its proposed alibi notice rule was stimulated by the Local Rule 87 before us, adding that the other rules proposed by the Advisory Committee for adoption at the same time establish a context of substantially enlarged discovery for the defendant in criminal cases, leading the Advisory Committee to conclude that its proposed rule would "comply with the 'reciprocal discovery' qualification of the *Williams* decision." 52 F.R.D. at 434.

Petitioner argues there can be no true "reciprocal discovery" when the Government alone can pick and choose those cases in which it is willing to make the swap. The validity of the rule, though, may come to depend on its application in fact—including, for example, whether the District Judges require the interchange of information provided by Rule 87 even when it is the defendant who initiates the process by informing the Government that he intends to present an alibi defense, and demanding the application of Rule 87. Since the issue of fairness and validity cannot be determined solely on the face of the rule, we leave the claim of its invalidity to be presented and explored at trial, and, if defendant is convicted, on appeal.[1]

Petition denied.

---

1. Petitioner claims that if he chooses not to run the risk of exclusion of any alibi witnesses at trial, and complies with the Government's demand, that action bars consideration of his contention that the rule is unconstitutional to the extent that it establishes the sanction of exclusion of

alibi testimony at trial, a contention expressly left unresolved in *Williams*, 399 U.S. at 83, n. 14, 90 S.Ct. 1893. Our denial of the prerogative writ imports no decision on what issues may be foreclosed on a direct appeal from a conviction.