UNITED STATES of America

v.

Bernard REESE, Appellant.

No. 72–1364.

United States Court of Appeals, District of Columbia Circuit.

June 6, 1972.

Mr. William F. Dow, III, was on the memorandum of law and fact for appellant.

Messrs. Harold H. Titus, Jr., U. S. Atty., and John A. Terry and Robert E. L. Eaton, Jr., Asst. U. S. Attys., were on the responsive memorandum of law and fact for appellee.

Before McGOWAN and LEVENTHAL, Circuit Judges.

PER CURIAM:

Appellant is currently incarcerated pending trial on a charge of second degree murder. He moved in the District Court for an order pursuant to 23 D.C. Code 1321(h)(2) (Supp. IV, 1972),[1] permitting him to be released for a limited period of time in the custody of a United States Marshal, or other suitable custodian, in order to locate witnesses vital to his defense. The District Court denied the motion and this appeal followed.[2] We reverse, and remand the case to the District Court.

The charge against appellant arose out of a shooting death that occurred in a parking lot at 8th and O Streets, N. W., on the night of December 28, 1971. An unidentified witness informed the police that he recognized appellant as the man who shot the victim. Appellant

[1]. 23 D.C.Code 1321(h)(2):
(h) The following shall be applicable to any person detained pursuant to this subchapter:
(2) The person shall be afforded reasonable opportunity for private consultation with counsel and, for good cause shown, shall be released upon order of the judicial officer in the custody of the United States marshal or other appropriate person for limited periods of time to prepare defenses or for other proper reasons.

[2]. 23 D.C.Code 1324(b):
(b) In any case in which a person is detained after . . . (3) he is or-dered detained or an order for his detention has been permitted to stand by a judge of the court having original jurisdiction over the offense charged, an appeal may be taken to the court having appellate jurisdiction over such court. Any order so appealed shall be affirmed if it is supported by the proceedings below. If the order is not so supported, the court may remand the case for a further hearing, or may, with or without additional evidence, order the person released pursuant to section 23–1321 (a). The appeal shall be determined promptly.

was arrested on January 7, 1972, and brought before a Judge of the District of Columbia Superior Court the following day. At that time, a $5,000 bond was set; but appellant could not be released due to the fact that a 5-day hold had been placed on him pursuant to 23 D.C.Code 1322(e) because he was then out on parole for a violation of the federal narcotics laws. A parole violation warrant was issued four days later, was executed on appellant at the D.C. Jail, and now acts as a detainer on appellant, precluding his release from custody until the issue of parole revocation is resolved.

In applying to the District Court for limited custodial release, counsel represented that appellant maintains that although he was in a restaurant at the intersection in question during the time of the shooting, he did not commit the crime. Appellant contends that there are several people whom he could recognize by sight who could substantiate his story, but that he does not know their names.[3] The area of the shooting was said to be a neighborhood hangout, providing reason to believe appellant could recognize one of those who saw him on the night of December 28, if he returned to the vicinity of 8th and O Streets, N. W. Counsel related that several efforts by him and by investigators for the Public Defender Service to interview possible witnesses were fruitless. Counsel also stated for the record that absent the possibility of appellant's release turning up a corroborative witness, he has no viable defense.[4]

The prosecutor opposed the motion for custodial release on the ground that the representations by counsel concerning the identity of the persons appellant sought to find were too vague.[5] The District Court was of the view that appellant's inability to identify with more specificity the witnesses whom he sought negatived the "good cause shown" requirement of § 1321(h) (2).[6] We think this approach misapprehends the purpose and content of the "good cause shown" requirement in the custodial release provision of § 1321(h) (2).

3. Appellant apparently knows one witness by his nickname. The Assistant U.S. Attorney stated he has no objection to a subpoena issuing for any uncooperative witnesses, who could subsequently be questioned at his office. Transcript at 12–13. Counsel for appellant declined the offer on the grounds that he did not wish to reveal the identity of any of the defense witnesses unless the government reciprocated. Transcript at 13.

4. Transcript at 13.

5. The prosecutor further indicated that if appellant provided the specific information, and government assistance in locating the witness was unavailing, he would not oppose release in the custody of a U.S. Marshal for a limited number of hours. Transcript at 8.

6. The District Court found (conclusion paragraph 2) : "The defense has failed to make a good cause showing that the release of the defendant for a limited period of time would assist in the preparation of his defense since there is no assurance that the persons the defendant is seeking would be at the location of 8th and "O" Streets, N.W., at the times the defendant would be taken there."

At the first hearing on the motion, the District Judge stated (transcript at 8) : "I would be sympathetic to your motion if you had something more concrete, counsel, but what you are saying in effect is that this defendant be permitted to go up to the corner of 8th and O, just walk around there and look around hoping to find some person who may know something about this case. You don't have any names of people and really don't have anything to justify the release of this defendant for the statutory purpose at his time." When defense counsel asked what would constitute a sufficient showing of good cause, the District Judge answered "something more definite, like the name of a witness." Transcript at 11. At the end of the second hearing, the District Judge stated, "well, based on those facts presented to me by you I deny your motion for temporary release, without prejudice to your renewing the motion if you can make a better showing for some specific information that this man can help you uncover." Transcript at 24.

Section 1321(h) (2) was enacted in 1970 as part of the District of Columbia Reform Act. The House Report commented as to this provision:

> "Persons detained shall have reasonable opportunity to consult with counsel. They may be released by the Court for limited periods of time to prepare a defense, such as looking for a witness, and for other reasons. When released they shall be in the custody of a United States Marshal or other appropriate person such as their attorney." H.R.Rep.No.907, 91st Cong., 2d Sess. 180 (1970).

The provision for limited custodial release is in recognition of the underlying requirement of fundamental fairness, that a criminal defendant be offered every reasonable opportunity to present a defense. There has been increasing awareness of the importance, in fairness terms, of assuring the ability of a defendant to elicit and marshal evidence exculpating him. The adversary system cannot serve as an instrument for truth unless there is some reasonable provision to assure presentation of the defendant's case. It has been increasingly recognized that due process fairness and the interest of truth necessitate adjustment from the one-time conception of a criminal trial as a sporting contest between two sides, and requires *e. g.*, disclosure by the prosecutor of material helpful to the defense, and an expanding concept of discovery as a two-way channel between prosecution and defense.[7]

■ This view of the criminal process, as a reasonably even-handed investigation and presentation of material facts, provides the pertinent context for the standard of "good cause shown". It embraces providing an incarcerated defendant with an opportunity for limited custodial release to obtain witnesses when such release offers the only means to present a viable defense.

■ To hold that "good cause" can only be shown when the defendant already knows the identity of the witnesses who may have pertinent information would undercut the purpose and utility of a custodial release provision. This is an elementary proposition, readily confirmed by any lawyer experienced in preparing cases for trial. However, a problem arises because of the considerations that the release may not be fruitful for the purpose claimed, and may present dangers to the community. While appellant could of course give no assurance that his search would be successful, his application was not fanciful or frivolous. When a denial of custodial release may deprive a defendant of his only opportunity to establish his claim of defense, a bona fide representation as to the character of the defense sought to be established should be accommodated unless outweighed by compelling reasons for denying release.

There has been no question of the good faith of appellant's counsel in his representation that custodial release is the only means of establishing a viable defense. The good faith of the appellant, in his contention that there do exist witnesses who can exculpate him, is not closed to judicial scrutiny; but denial of custodial release on the basis of mere scepticism, without any basis in the record, would be tantamount to prejudging the issue of guilt. Appellant's application established a prima facie case for custodial release, and it was error for the District Court to proceed on the assumption that appellant had not met the criterion of "good cause shown."

---

7. *See, e. g.*, Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), Witherspoon v. Walsh, 149 U.S.App.D.C. ——, 463 F.2d 951, 1972. We note that in a situation such as this case, the difficulties raised by appellant's motion for custodial release can to a large degree be obviated by mutual discovery between the prosecution and the defense. Appellant's need for release could vary inversely with the degree of discovery of the government's case.

While the District Judge based his ruling on the lack of specificity in the representation by appellant, he did bring up *sua sponte* the issue of danger if appellant were released to the custody of a United States Marshal.[8] This court is aware of that possibility. It is, indeed, inherent whenever any person charged with a violent crime is released from jail in the custody of a marshal. Yet releases in custody are a standard procedure in the administration of the criminal justice system, sometimes for the convenience of the government, sometimes for compassionate reasons. The authorities are confronted with the age old problem of weighing risks and needs.

There is no indication in appellant's background which would indicate that he presents an unacceptable risk of violence except for the current charge which has yet to be tried. We note again that the initial order provides for release of appellant without custody on a $5,000 bond.[9] Section 1321(h) (2) necessarily contemplated a residuum of risk, since it applies only to those persons who could not otherwise obtain their release.

■■■■ It is for the District Court, with the aid of the parties, to work out the questions of judgment involved in balancing the opportunity to search for witnesses to be afforded appellant in the interest of fairness, with the need to take into account the safety of his custodians and to guard against the risk of flight. As we have already indicated, the degree of cooperation shown appellant by the government with respect to discovery has a bearing on the underlying quest for fairness, and is also pertinent, therefore, to the type and length of custodial release appropriate.

Reversed and remanded.

8. Transcript at 18.

9. The committing Judge could have denied release altogether if he felt that no one or more conditions of release would not

reasonably assure the safety of any other person or the community. 23 D.C.Code 1321(a).