**STATE of Iowa, Appellee,**

v.

**Norman Eugene SMITH, Appellant.**

No. 55558.

Supreme Court of Iowa.

Feb. 20, 1974.

Jerald W. Kinnamon and Jon M. Kinnamon, Cedar Rapids, for appellant.

Richard C. Turner, Atty. Gen., Raymond W. Sullins, Asst. Atty. Gen., and David Dutton, County Atty., for appellee.

Heard before MOORE, C. J., and MASON, REES, UHLENHOPP and HARRIS, JJ.

HARRIS, Justice.

Defendant appeals his conviction of robbery with aggravation. He claims the trial court's failure to advise him of his right to appear and stand trial pro se resulted in an

unconstitutional denial of a fair trial. We affirm.

Prior to trial defendant had no success in his relationships with various attorneys appointed to represent him. At the time of trial, but before commencement of jury selection, hearing was held on defendant's counsel's application to withdraw. That counsel was the fourth attorney appointed to represent defendant on this charge. The State believed and still urges defendant was contending with his successive counsel only to delay trial. Defendant denied this, insisting the lawyers had not made adequate trial preparation.

Under these circumstances hearing was held on counsel's application. The parties are not entirely agreed as to whether, then or later during trial, defendant expressed a desire to proceed pro se. On appeal defendant argues he expressed such an interest in representing himself as to alert the trial court. He insists consequently the trial court, either then or later during the trial, erred in not formally advising him of his right to proceed pro se. Some confusion is added by the fact that certain remarks of the trial court, at least when taken out of context, indicate a mistaken belief on his part that defendant could not represent himself.

■ Of course defendant could waive his constitutional right to counsel. Bailey v. Broderick, 212 N.W.2d 395 (Iowa 1973). No one disputes defendant's right to appear pro se herein. Neither can defendant claim to have been denied that right. What defendant does claim is to have been in effect denied the opportunity to waive counsel and proceed pro se because the trial court kept him in ignorance of that right.

■ I. We decline to hold a trial court has the affirmative obligation to formally advise an accused of his right to proceed without an attorney. We do not believe any constitutional or statutory provision, or the interest of justice dictates such an addition to the procedural rubrics, either at arraignment or in following proceedings. Such a requirement would add nothing to the rights of the accused, save only the hope of another possible omission. The courts in Iowa and throughout the country have demonstrated no dangerous tendency to saddle unwilling accused with unwelcomed counsel. For the most part such a requirement would be wholly unrelated to an accused's rights.

II. To whatever extent defendant wishes to urge the trial court denied him the right to proceed pro se, he is unsupported by the record. He may now wish to describe his requests to have been to represent himself. But, studied in detail and in context, they clearly were not. Indeed defendant expressly disclaimed any such desire both at the hearing mentioned and during the trial. What he sought in his proposal was the right to ask his own questions of various witnesses, supplanting the professional cross-examination efforts of his counsel. This proposal was rightly refused for two reasons. Both reasons are grounded in the obvious necessities of an orderly trial.

■ Even admission to the practice of law would not have availed defendant the right to assume the part of the examination of any witness. Under section 780.4, The Code, the manner and mode of the trial of civil actions is made applicable to criminal actions. The following provision then becomes controlling:

"But one counsel on each side shall examine the same witness, unless otherwise permitted by the court." Rule 191(e), Rules of Civil Procedure.

■ The rule seems well settled that the right to proceed pro se is waived by the failure of an accused to make an unequivocal request to act as his own attorney. United States v. White, 139 U.S.App.D.C. 32, 429 F.2d 711 (1970); United States v. Clausell, 389 F.2d 34 (2 Cir. 1968); United States v. Denno, 348 F.2d 12 (2 Cir. 1965).

It is also to be noted the right of an accused to represent himself becomes curtailed after commencement of trial.

 " * * * Once the trial has begun with the defendant represented by counsel, however, his right thereafter to discharge his lawyer and to represent himself is sharply curtailed. There must be a showing that the prejudice to the legitimate interests of the defendant overbalances the potential disruption of proceedings already in progress, with considerable weight being given to the trial judge's assessment of this balance. (Citations)." United States v. Denno, supra, 348 F.2d at page 15. See also People v. Holcomb, 47 Mich.App. 573, 209 N.W.2d 701 (1973).

We find nothing to suggest a trial court is bound to inquire of the accused in order to determine whether, because of his dissatisfaction with the progress of the trial, he desires to have counsel withdraw so he can proceed without one. As we have indicated, defendant would have had a highly questionable right to so proceed even upon a request after commencement of trial. Without such a request his position is wholly untenable.

We believe defendant's position is not strengthened by the remarks made at the pretrial hearing. Even if the judge conducting such a hearing is the same one who later presides at trial he is surely entitled to consider a defendant's remarks as a part of the application in which they are made. In this case of course they were made as a part of a request only to conduct a portion of various cross-examinations. Moreover a judge is entitled to rely on a defendant's own repeated assurances he wants court appointed counsel to continue.

III. On appeal defendant urges error in the giving of one instruction, claiming there was insufficient evidentiary basis to support such a question. At trial defendant's counsel expressly waived any objection to all instructions. Such a waiver precludes raising any objection to the instructions on appeal. State v. Dague, 206 N.W.2d 93, 95 (Iowa 1973).

Affirmed.