UNITED STATES of America

v.

**Elmer JONES, Appellant.**

**No. 74–1157.**

United States Court of Appeals, District of Columbia Circuit.

Argued Oct. 17, 1974.

Decided June 23, 1975.

25. 42 U.S.C. § 2000e–5(f)(5).

Frank F. Flegal, Washington, D. C. (appointed by this court), for appellant. Frederick E. Snyder * entered an appearance for appellant.

Donald A. Couvillon, Asst. U. S. Atty., with whom Earl J. Silbert, U. S. Atty., John A. Terry and David M. Bullock, Asst. U. S. Attys., were on the brief for appellee.

Before TAMM and MacKINNON, Circuit Judges, and MERHIGE,** District Judge for the Eastern District of Virginia.

Opinion for the court filed by District Judge MERHIGE.

MERHIGE, District Judge:

Appellant Jones, whose guilt of the offenses of violating 21 U.S.C. § 841(a) by possessing with intent to distribute and by distributing phenmetrogine, a controlled substance, was sufficiently proved, seeks reversal of his convictions by reason of an alleged error on the part of the trial judge arising from what may be fairly described as a unique set of circumstances.

■ The issue simply stated is whether a trial court, when advised by the defendant and his counsel at the conclusion of the government's case in chief that the defendant no longer wished to participate and desired to absent himself from the balance of the trial, erred in not specifically advising appellant of his right to proceed *pro se.* We think, under the circumstances of this case, that the trial court acted appropriately.

The record reveals that immediately after the government's case in chief, and in the absence of the jury, Jones' trial counsel requested a recess in which to confer with his client, advising the Court that Jones had expressed dissatisfaction with counsel's cross-examination of the principal prosecution witness. Counsel further advised the Court in Jones' presence that he intended to solicit Jones' wishes in reference to further questioning of the witness and expressed the view that "at that time, perhaps, I may come to the Court with a request to recall him." The Court thereupon called a recess and subsequently, again in the absence of the jury, addressed Jones directly informing him of his right to be present during his trial, as well as his right to "stay back in the cell block" and be tried in absentia if that were his wish.

Jones, who did not express to the Court any dissatisfaction with his counsel, replied that he would "rather be in the cell block." The Court, after ascertaining that Jones understood that his voluntary absence would not abort the proceedings, made further inquiry of him regarding his wish to be in the cell block by specifically asking him if he "would like to tell the Court why you would like to be in the cell block?", to which he replied in the negative.

During the same colloquy the Court advised Jones of his right to testify or not as he chose, suggesting that he exercise such choice based upon his own inclination and advice of counsel. After some further colloquy between the Court and counsel, Jones acknowledged once again that his exclusion from the courtroom was his own desire as was his decision not to testify. Whereupon the defendant Jones left the courtroom, and at his counsel's request a further recess was

* Entered an appearance as student counsel pursuant to Rule 20 of the General Rules of this court.

** Sitting by designation pursuant to 28 U.S.C. § 292(d).

granted so that he might "attempt to get him to change his mind." Counsel subsequently reported to the Court that his client was reclining on a bench and indicated no interest in further conferences with counsel. The defense offered no evidence and the jury returned the guilty verdict.

Prior to the jury's return, the defendant's counsel informed the Court that his client did not wish to be present to hear the verdict, and described Jones' views as being that he felt the government's witnesses were untruthful and he was "so exercised about the whole thing that he thereafter just did not want to participate in the trial."

Jones contends that the trial judge erred (a) in not making a "searching inquiry" into the basis of his dissatisfaction with trial counsel, and (b) by failing to inform him of his right to conduct his defense "pro se."

We do not find from this record any failure on the part of the trial court warranting a reversal of this case, and hence we affirm.

It should be noted that nowhere in this record did Jones express to the Court any dissatisfaction with his trial counsel. Although given ample opportunity to address himself to the reasons for his apparent disinterest in participating further in the trial, the defendant chose not to give any explanation. The only reasonable explanation for defendant's conduct, we believe, is that given by his counsel to the effect that defendant:

.  .  .   seemed to think that the Government's witnesses were telling untruths about him and he became very exercised about that fact, and despite my assurances to him that he could take the stand and contradict them, and leave it up to the jury as to who would be believed, for some reason or another he was so exercised about the whole thing that thereafter just did not want to participate in the trial. (Tr. 129.)

Indeed, immediately prior to the Government's calling its last witness, the defendant, being addressed by the Court in reference to the replacement of a juror with an alternate juror for reasons not material to the instant issue, advised the Court that his counsel spoke for him and that he concurred in his counsel's statements.

To now, in the face of this record, claim a dissatisfaction with counsel giving rise to an obligation on the part of the trial judge to advise him of his right to proceed propria persona appears, at this late stage, as wishful hindsight. Jones was given every reasonable opportunity by the trial court to express any desire that he may have had to have his counsel relieved, or to have articulated any reasons, other than those expressed by his counsel, as to the basis of his alleged dissatisfaction with his attorney's effectiveness. His failure to so do gave no rise to an occasion for the trial judge to advise him of his right to proceed propria persona.

In the absence of circumstances, as in the instant case, giving rise to an indication of a desire on the part of the defendant to proceed without counsel, there was no duty on the trial court to advise him of his right to so proceed. United States v. White, 139 U.S.App. D.C. 32, 429 F.2d 711, 712 (1970).

We do not deal here with a situation where a defendant either in person or through counsel alerts a trial court to the reasonable conclusion that he desires to proceed without counsel. On the record before this Court, the defendant opted not to respond to the Court's invitation to state why he would like to be in the cell block. He was fully advised of his right to remain in the Court during the trial as well as the fact that he would be tried in absentia if that were his wish. On this record his dissatisfaction with counsel was limited to counsel's cross-examination of a witness. In the absence of any other evidence, we conclude that the trial court was fully advised of the alleged dissatisfaction and the reason therefor. The case did not proceed until the Court had given the defendant an adequate opportunity to

articulate any reason for his desire to remain in the cell block. This he declined to do and he cannot now be heard to complain.

Appellant's reliance on Brown v. United States, 105 U.S.App.D.C. 77, 264 F.2d 363, cert. denied, 360 U.S. 911, 79 S.Ct. 1299, 3 L.Ed.2d 1262 (1959), is misplaced. *Brown* was a case factually and legally different from the instant one. Unlike *Brown*, no request was made nor indication given that Jones desired a discharge of trial counsel. Indeed, as we have already pointed out, Jones had, shortly before the Court was advised of his having expressed dissatisfaction with counsel's cross-examination of a witness, advised the Court that his counsel spoke for him. Unlike *Brown*, Jones was personally addressed by the Court soliciting reasons for his apparent desire not to personally participate further in the trial. The issues in the instant case, unlike *Brown*, do not go to whether Jones had a right to dispense with the services of his counsel and proceed in propria persona. The contention here goes not to the right to have his counsel relieved but whether the Court failed to make appropriate inquiry as to the grounds of dissatisfaction, if any, and whether under the circumstances the Court erred in failing to, sua sponte, advise him of his right to proceed in propria persona.

▇▇ That Jones had a right to so proceed is unquestioned. See United States v. Dougherty, 154 U.S.App.D.C. 76, 473 F.2d 1113 (1973). See also Brown v. United States, *supra*, at 369–70 (Washington, J., dissenting); Adams v. United States ex rel. McCann, 317 U.S. 269, 279, 63 S.Ct. 236, 87 L.Ed. 268 (1942); and 28 U.S.C. § 1654. The right to proceed in propria persona, whether it be founded on a constitutional or statutory right, is one which must be timely asserted and accompanied by a valid waiver of counsel. See United States v.

Dougherty, *supra*, at 1123. Neither element is present here.

Not the slightest issue referring to counsel arose until the Government had rested its case. The record is devoid of any indication that there was further evidence to be adduced by either the prosecution or the defense. Jones, after being personally advised by the Court of his right to testify or to remain silent, chose the latter. He gave no indication of a desire that his counsel be removed; hence it follows there was no duty on the Court under the circumstances of this case to advise him of his right to proceed propria persona and this be so regardless of its source. To hold otherwise would be to require that the Court in every instance, whether a defendant has counsel or not, so advise a defendant. No case has so held, and we decline any such invitation.

The issue here is resolved by the language of Judge Fahy of this Circuit in United States v. White, 429 F.2d 712, wherein the Court stated:

> Nor do we find error in the circumstances of this case in the omission of the trial court to advise appellant of his right to proceed pro se. We need not resolve the question whether this right has constitutional status—see the opinions in Brown v. United States, 105 U.S.App.D.C. 77, 264 F.2d 363 (en banc), cert. denied, 360 U.S. 911, 79 S.Ct. 1299, 3 L.Ed.2d 1262 (1959)—for, whether or not, the situation here did not require such advice. Appellant gave no indication of a desire to proceed without counsel. He made no request to be permitted to do so. In expressing dissatisfaction with appointed counsel he was appealing rather to the discretion of the court to substitute another.

The convictions must stand.

Affirmed.