George H. **PERRY**, Appellant,

v.

**UNITED STATES**, Appellee.

No. 9677.

District of Columbia Court of Appeals.

Submitted June 24, 1976.

Decided Sept. 20, 1976.

Whitworth Stokes, Washington, D.C., appointed by this court, for appellant.

Earl J. Silbert, U.S.Atty., John A. Terry, Edward D. Ross, Jr., and Alexia Morrison, Asst. U.S.Attys., Washington, D.C., were on the brief for appellee.

Before KELLY, KERN and YEAGLEY, Associate Judges.

YEAGLEY, Associate Judge:

Appellant was convicted in the trial court of carrying a pistol without a license (D.C.Code 1973, § 22–3204) and possession of marijuana (D.C.Code 1973, § 33–402).

The government's evidence was as follows. On October 15, 1974, at approximately 1:20 a. m., a police officer spotted the appellant near the corner of Ninth and U Streets, N.W., holding a pistol above shoulder level.[1] The police officer, who was alone in his cruiser, radioed for a backup unit. Appellant was apprehended in the vicinity of the same intersection when the backup unit arrived. A search recovered the weapon from the right front pocket of appellant's coat. A vial of marijuana was recovered from the left pocket of the same garment.

---

1. The police officer testified that appellant was 15 feet from the cruiser when he made the observation.

Appellant asserted at trial that he had no knowledge of either the gun or the marijuana prior to his arrest. He testified that he had earlier that evening engaged in a fight with a man known as "Hardhead". Appellant's coat had been off during the fight and had been handled at the conclusion of the altercation by one Frank Clem.

Appellant called two witnesses both of whom had observed the fight with "Hardhead" as had a number of other persons. The first testified that he had seen Clem slip a gun into appellant's coat. The second testified that he had seen Clem with a gun, had seen Clem place the coat around appellant's shoulders after the fight, and had not seen the weapon thereafter. Both witnesses testified that they had observed appellant earlier in the evening and had not seen a weapon in his possession.

Appellant was detained on bail of $2,500 prior to trial. In March 1975, one month prior to trial, he moved for conditional release pursuant to D.C.Code 1973, § 23–1321(h)(2). The request was denied and that denial is now raised as error. Appellant argues that had he been released and able to make his own attempt to obtain witnesses he could have obtained more, and less impeachable, witnesses.

In an earlier motion filed in December 1974, appellant had sought a modification of the conditions of release imposed at arraignment, asserting tangentially to his primary grounds for relief,[2] but without specifying further, that "there are possible witnesses to this incident [the events surrounding the arrest] which counsel is unable to locate without the assistance of the defendant. If the defendant remains incarcerated, counsel is unable to adequately prepare for trial." The motion was denied by the trial court on December 20, 1974.

An appeal pursuant to D.C.Code 1973, § 23–1324 followed and relief was denied him by this court on February 18, 1975.

■ Section 23–1321(h)(2) provides that a person detained on bail prior to trial shall be afforded reasonable opportunity for private consultation with counsel and, for good cause shown, shall be released upon order of the judicial officer in the custody of the United States marshal or other appropriate person for limited periods of time to prepare defenses or for other proper reasons.

The language of the statute would require at a minimum that a defendant allege facts in support of his motion for release which, if proven, would permit the trial court to conclude that good cause exists for granting the defendant temporary leave from pretrial incarceration. *Cf. United States v. Reese*, 149 U.S.App.D.C. 427, 430, 463 F.2d 830, 833 (1972). So much is also demanded by Super.Ct.Cr.R. 47 which requires that a motion "shall state the grounds upon which it is made . . .."

■ The March 1975 motion added nothing to the general averment of the December motion and offered only a bare demand for release in order that appellant might participate in the preparation for trial. The March motion, like the December motion, was silent as to the precise manner in which appellant's unrelieved incarceration would prohibit his effective assistance in the development of his defense. The motion did not offer specific allegations of fact which, if proven, would have demonstrated "good cause" for affording the requested relief. In the absence of such allegations we find no error flowing from the denial of the motion, and accordingly conclude that the appellant was not

2. Appellant's December 1974 motion asked that the conditions of release be reviewed in light of factors occurring in the interim between arraignment and the motion, *viz.*, (1) that he had been released on his own recognizance in a revocation of parole proceeding in the local U.S. District Court; (2) that he had since been indicted by the Grand Jury on the charges arising out of his arrest

in the present action. He argued that these developments made it less likely that he would leave the jurisdiction because he no longer faced a series of judicial proceedings which would require his presence in the community. He also argued that his continued incarceration would inhibit his ability to contribute financially to his defense.

improperly inhibited in the presentation of his defense by the trial court's refusal to grant his request for conditional release.[3]

The second issue raised as error arises out of *pro se* motions made by the appellant prior to trial in which he requested that his court-appointed attorney be dismissed and replaced with another. Appellant now argues that the denial of that request deprived him of the right to conduct his defense in accord with the Supreme Court's decision in *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).

It was held in *Faretta* that an unwilling defendant cannot have counsel thrust upon him if he knowingly and intelligently waives his right to professional assistance. *Id.* at 835, 95 S.Ct. 2525. In *Faretta,* the defendant moved prior to trial for leave to proceed *pro se.* At the hearing on the motion, he steadfastly reiterated his desire to conduct his own defense.

On the facts here, *Faretta* is plainly inapposite. The only reference to the possibility that appellant might wish to go it alone came in an indirect remark by his counsel when the case was called for trial that appellant might, because of his dissatisfaction with counsel, want "to take over the questioning, conduct his own defense." Appellant's contemporaneous remarks did not reveal a desire to proceed without assistance but merely a desire to be represented by someone other than his court-appointed attorney. A few moments prior to making the statement quoted above, counsel said, "he [appellant] was quite adamant and outspoken about his desire to have an attorney other than myself to represent him." The court asked appellant to comment. He responded: "I want another attorney."

In view of the fact that appellant did not at any time make a positive demand upon the trial court for leave to proceed without counsel, we are unable to find substance in his contention that *Faretta* provides cause for reversal. The right to proceed *pro se* is one which must be timely made and be accompanied by a valid waiver of counsel. *United States v. Jones,* 169 U.S.App.D.C. 90, 514 F.2d 1331 (1975). A defendant who has not expressed a desire to present his defense unaided cannot complain after the verdict is in that the assistance of counsel has been foisted upon him. *United States v. White,* 139 U.S.App.D.C. 32, 429 F.2d 711 (1970). We have further found no error in the trial court's denial of appellant's request for new counsel as the record does not reflect an inability or unwillingness of court-appointed counsel to render effective assistance or of a failure to render such assistance when the case was called for trial.

The additional points raised by appellant prove to be equally without merit on examination.[4] The judgment of conviction is accordingly

*Affirmed.*

3. Appellant subpoenaed three persons who witnessed the fight. Of these, as noted, two appeared at trial. Appellant contends in his brief that he was prejudiced by the denial of the motion for release because he could remember the names of only three persons who were present during the scuffle with "Hardhead". However, at trial he named seven such persons. Appellant's failure to summon the persons named but not subpoenaed is unexplained.

4. The government's evidence as to both counts was more than ample to survive appellant's motion for a judgment of acquittal. So too we find no cause for reversal because the trial court prompted the prosecution to produce evidence relating to the chain of custody of the marijuana seized from the appellant. The trial judge need not remain silent while observing a patent omission which might vitiate a full adjudication of the defendant's guilt or innocence. It has been observed that "[t]he adversary nature of the proceeding does not relieve the trial judge of the obligation of raising on his own initiative . . . matters which may significantly promote a just determination of the trial." ABA Standards, The Function of the Trial Judge, § 1.1 (1972). The extent to which the judge will intervene for this purpose is a matter of the trial judge's discretion. *Cf. Womack v. United States,* D.C.App., 350 A.2d 381 (1976). On the facts we review, we have found no abuse of that discretion.