**Raymond Oliver BAKER, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

July 7, 1978.

Discretionary Review Denied
Dec. 19, 1978.

Jack Emory Farley, Public Defender, Com. of Ky., Linda K. West, Asst. Public Defender, Com. of Ky., Frankfort, for appellant.

Robert F. Stephens, Atty. Gen., James L. Dickinson, Asst. Atty. Gen., Frankfort, for appellee.

Before MARTIN, C. J., and HOGGE, and REYNOLDS, JJ.

HOGGE, Judge.

In this appeal we are faced with deciding how a defendant should express his dissatisfaction with counsel and what steps the court should take to handle a request to change counsel. A further issue is raised by the appellant's contention that his right to be involved in his own representation has been violated.

The appellant, Raymond O. Baker, has had three different attorneys during the course of proceedings against him for the offense of first degree robbery and persistent felony offender charges. The first two attorneys sought to be relieved as counsel, the first due to legal and ethical considerations and the second because of a conflict of interest.

Appellant was dissatisfied with his third court-appointed counsel, Kenneth F. Osborne. On March 21, 1977, Osborne filed a motion requesting that he be permitted to withdraw as counsel of record because Baker had declined to meet with him until certain conditions were met and Baker's conduct had shown that he intended to have the "exclusive control and direction" of his defense. At the hearing on this motion, the defendant alleged that his attorney had not adequately addressed the problem of the pretrial publicity the case was receiving; that he feared that if he confided in his attorney, those confidences might be violated. The trial judge reassured the defendant that his confidences would not be violated, and that counsel would take steps to protect the proceeding from the prejudicial effects of publicity.

On April 24, appellant filed a pro se motion expressing dissatisfaction with the assistance of Mr. Osborne, and requesting additional or substitute counsel. This motion was overruled.

On May 23, a second pro se motion was made, alleging counsel had advised a witness, Alvin Harris, whose testimony would have assisted Baker, to exercise his right to remain silent. Harris was later called as a witness at trial and testified. Harris stated that Baker committed the robbery after having injected heroin at Harris' request. In Baker's pro se motion, he stated that he felt he was receiving ineffective assistance of counsel.

At a pretrial suppression hearing to determine the admissibility of lineup identification evidence, a pro se motion by Baker that Harris be called to testify at the hearing was overruled. Baker had indicated in the motion that he also had other witnesses. The trial court stated that the defense counsel was handling the case and felt that he had called all necessary witnesses. Baker filed a motion subsequent to the hearing that he be allowed to "object to issues", and that if Osborne refused to call his witnesses that Osborne remove himself or the court remove him. At the conclusion of the Commonwealth's case, appellant again filed a motion that his defense counsel be removed, which was denied.

The first question which we are requested to decide is whether the trial court erred in failing to inquire further into the appellant's expressed dissatisfaction with his appointed counsel and requests for substitution of counsel. The expression "counsel of one's own choice" drawn from the holding of the case in *Powell v. State of Alabama*, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1931) does not mean that an indigent defendant is entitled to the appointment of

any particular attorney. *Hargrove v. Commonwealth*, Ky., 362 S.W.2d 37 (1962); Annotation, 66 A.L.R.3d 996 (1975). A defendant is not entitled to the dismissal of his counsel and the appointment of a substitute "except for adequate reasons or a clear abuse by counsel." *Fultz v. Commonwealth*, Ky., 398 S.W.2d 881, 882 (1966).

In this case there was no showing by the appellant of any just cause for the removal of his appointed counsel. His principal objection to his counsel was counsel's failure to subpoena or call the witness Alvin Harris. During the course of the trial, in accordance with appellant's request, the witness Harris was called to the stand and his testimony proved disastrous to the appellant's case. Appellant was undoubtedly displeased with this result of his contention, but it did resolve his principal bone of contention.

Adequate and sufficient cause for removal of counsel has been variously defined by the federal courts and includes (1) complete breakdown of communications between counsel and defendant, (2) conflict of interest, and (3) legitimate interests of the defendant are being prejudiced. None of the appellant's complaints as to counsel are of this severe nature. In this case, appellant was dissatisfied with his counsel. The record indicates this was customary for the appellant. Although there were disagreements between appellant and his counsel as to trial tactics, there was no breakdown of communications.

■ We have examined the record in this case, and we find that the defendant received effective assistance of counsel. We know of no precedent in this jurisdiction requiring the trial court to hold a formal hearing to inquire into a defendant's dissatisfaction with his appointed counsel and desire for a substitute. Under these circumstances, no hearing was required. We hold that there was no error in failing to hold such a hearing, or in declining to remove appointed counsel and substitute another attorney.

■ Next, closely related to the first issue on this appeal, is the issue presented to us as to whether the trial court denied the defendant his right of self-representation by failing to advise the defendant of that right. *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) established the principle that a defendant has the right to act as his own attorney. In *Wake v. Barker*, Ky., 514 S.W.2d 692 (1974), the court recognized that a defendant also has the right to make a limited waiver of counsel. See also Annotation, 77 A.L.R.2d 1233 (1961). The dismissal of counsel in a criminal case, where appointed counsel is representing the defendant, is with prior leave of court and not solely on a bald allegation of the defendant.

■ However, it is conceded by the appellant that before an accused may invoke the right to proceed pro se he must make an unequivocal request to do so. "Regardless of whether he has been notified of his right to defend himself, the criminal defendant must make an unequivocal request to act as his own lawyer in order to invoke the right." *United States v. White*, 139 U.S. App.D.C. 32, 429 F.2d 711, 712 (1970).

■ The appellant never made any request to proceed pro se. Thus, there was no denial of any right to which he was entitled.

Was it the court's obligation to inform the appellant of his right to proceed pro se? We find no authority in this state imposing such an obligation on the court. *White, supra,* clearly disposes of this question.

Nor do we find error in the circumstances of this case in the omission of the trial court to advise appellant of his right to proceed pro se. We need not resolve the question whether this right has constitutional status—see the opinions in *Brown v. United States*, 105 U.S.App.D.C. 77, 264 F.2d 363 (en banc), cert. denied, 360 U.S. 911, 79 S.Ct. 1299, 3 L.Ed.2d 1262 (1959)—for, whether or not, the situation here did not require such advice. Appellant gave no indication of a desire to proceed without counsel. He made no request to be permitted to do so. In expressing dissatisfaction with appointed

counsel he was appealing rather to the discretion of the court to substitute another. *White, supra,* at 712.

■ We hold that appellant, under the circumstances in this case, was not entitled as a matter of constitutional right to be informed sua sponte that he could proceed pro se.

■ The appellant has further raised the question that the trial court failed to follow the mandatory presentence and sentence procedure as set out in KRS 532.050 and as interpreted by the case of *Brewer v. Commonwealth,* Ky., 550 S.W.2d 474 (1977). Indeed, there is nothing in the judgment or the record indicating that a presentence report was either obtained or considered. In *Brewer, supra,* at 476, it was stated:

> The requirement placed upon a trial court by the statute is mandatory and does not afford a trial judge the privilege or discretion of determining whether the report will be requested, obtained, or considered. It is a "must" and is in fact a prerequisite to the entry of a valid judgment. In view of the mandatory character of this requirement, the record of the proceeding should clearly disclose the fact that the trial court has fully complied with KRS 532.050 by requesting a presentence investigation, examining and considering the written report as supplied, and informing defendant or his counsel of the factual contents and conclusions contained in the report and the fact that the defendant either requested or did not request time within which to controvert the factual data contained in the report.

Since the statutory procedures were not complied with, the judgment entered on the jury verdict is now vacated and the case is remanded to the Jefferson Circuit Court for resentencing after compliance with KRS 532.050.

All concur.