**Prentice PRYOR, Petitioner,**

v.

**STATE of Tennessee, Respondent.**

Court of Criminal Appeals of Tennessee,
Nashville.

March 17, 1982.

Permission to Appeal Denied by
the Supreme Court May 10, 1982.

Bart Durham, Nashville, for petitioner.

William M. Leech, Jr., State Atty. Gen.,
John C. Zimmermann, Asst. State Atty.
Gen., Nashville, Lawrence Ray Whitley,
Dist. Atty. Gen., Gallatin, for respondent.

OPINION

BYERS, Judge.

Pryor appeals from a dismissal of his
petition for post-conviction relief after an
evidentiary hearing.

Pryor says he was improperly convicted
because the trial judge did not advise him
he could represent himself and because his
trial counsel was inadequate.

The judgment is affirmed.

Pryor was tried on a charge of rape. On
the morning of trial, Pryor informed the
court he wished to have the two attorneys
who were appointed to represent him re-
lieved and he wished to have other counsel.
The trial judge denied this request. Pryor
never made a request to represent himself.

A trial judge is not required *sua
sponte* to advise an accused of his right to
self-representation. *United States v. Jones,*
514 F.2d 1331 (D.C.Cir.1975); *State v. Stin-
son,* 424 A.2d 327 (Me.1981). When an ac-
cused asserts the right to self-representa-
tion, the assertion must be unequivocal.
*Stinson, supra; Perry v. United States,* 364
A.2d 617 (U.S.App.D.C.1976).

Pryor claims his attorneys were in-
adequate because they raised a defense of
insanity based upon drug ingestion. He
says this indicates their incompetency be-
cause the defendant would not have pre-
vailed even had it been shown.

The trial judge noted, and after taking
notice of the records of this Court we agree
with him, the evidence of Pryor's guilt was
overwhelming. The record clearly shows
trial counsel was very competent and doing
the best they could do with a hopeless situa-
tion. They attempted to show his use of
drugs had rendered him insane generally.

O'BRIEN and DAUGHTREY, JJ., con-
cur.