**Joseph MALLORY, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 2929.

Municipal Court of Appeals for the District of Columbia.

Submitted Feb. 12, 1962.

Decided March 20, 1962.

———◇———

William J. Garber, Washington, D. C., for appellant.

David C. Acheson, U. S. Atty., Charles. T. Duncan, Nathan J. Paulson, William H. Collins, Jr., and Robert Brewer Norris,. Asst. U. S. Attys., for appellee.

Before HOOD, Chief Judge, QUINN,. Associate Judge, and MYERS, Associate Judge of The Municipal Court for the District of Columbia, sitting by designation.

QUINN, Associate Judge.

Appellant, defendant in the trial court,. was convicted by a jury of simple assault.

The sole error discussed in his brief was the refusal of the trial judge to declare a mistrial when the prosecuting attorney, in his closing argument to the jury, allegedly made an improper statement prejudicial to the rights of defendant. The circumstances surrounding the alleged error may be summarized as follows:

After the government had completed its case, defendant testified in his own behalf and stated that he had been employed as a truck driver by a local transfer firm for seven and one-half years. On cross-examination he admitted a conviction in 1952 for simple assault and also one in 1957 for assaulting a police officer. During the closing argument to the jury, defense counsel stated that defendant had worked for the transfer firm for the past seven and one-half years. In closing, the prosecutor made the following statement:

"Now Mr. Garber told you during his argument to you that the defendant had worked for the same transfer firm as a truck driver for the past seven and one-half years. But, the defendant admitted to you that he was convicted of assault on a police officer in 1957, about four years ago. Now this offense is a felony * * *."

At this point, defense counsel objected, and while at the bench, moved for a mistrial on the ground that this argument was prejudicial and improper because it conveyed to the jury the impression that defendant had falsified his employment record. He informed the court that his client was never dropped from the employment rolls of the transfer firm even though he served a term of imprisonment in excess of one year as a result of the 1957 conviction. The prosecutor stated that he thought defense counsel's argument improper and contrary to the facts; that defense counsel well knew defendant could not have worked at the transfer firm for seven and one-half years because he was in jail for a longer period than a year during 1957 and 1958. The trial judge denied the motion and in-

structed the prosecutor not to mention the matter further, which admonishment was obeyed.

We are of the opinion that nothing occurred which would constitute reversible error. Here the jury was led to believe by defense counsel's argument that defendant, although convicted of assaulting a police officer, had never served time or possibly had been placed on probation. Under the circumstances, we believe the prosecutor's argument was proper.

In presenting a case the prosecuting attorney, as well as defense counsel, may make any reasonable comment on the evidence and may draw such inferences from the testimony as will support his theory of the case. We cannot say that the statements of the prosecutor were plainly unwarranted or prejudicial.

Affirmed.