Jeffery **TUCKSON**, Appellant,

v.

**UNITED STATES**, Appellee.

No. 9937.

District of Columbia Court of Appeals.

Argued July 22, 1976.

Decided Sept. 24, 1976.

John A. Brady, appointed by the court, for appellant.

Mark H. Tuohey, III, Asst. U.S. Atty., Washington, D.C., with whom Earl J. Silbert, U.S. Atty., John A. Terry, William D. Pease and Tobey W. Kaczensky, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before NEBEKER and MACK, Associate Judges, and HOOD, Chief Judge, Retired.

## PER CURIAM:

Appellant was convicted, after a jury trial, of assault with a dangerous weapon[1] and assault.[2] He was sentenced as an adult to serve forty months to ten years for assault with a dangerous weapon and one year, to run concurrently, for assault. The events leading to the assault charges began with a verbal exchange between the appellant and the complaining witness over a traffic mishap. When the parties had parked their automobiles near their destinations, they continued their verbal altercation in the street. The appellant then punched the complainant in the face. Appellant eluded complainant's pursuit by running into a nearby apartment house. Both complainant and his cousin, who was on the street at the time, testified that the appellant immediately emerged from the house firing a pistol in complainant's direction. The complainant fled up the street into another apartment house. His cousin testified that she saw the window in one apartment break as a shot was fired and that another shot ricocheted from the wall of the building. The charges resulted from this incident.

In challenging his conviction and sentence, appellant claims the trial court erred by failing to advise him of his right to represent himself when he moved for substitution of counsel, by dismissing the initial jury venire because of an allegedly improper voir dire question asked by his counsel, and by permitting the prosecutor to make statements in his final argument which were improperly prejudicial. Appellant claims that the trial court erred in refusing to sentence him under the Federal Youth Corrections Act, 18 U.S.C. § 5010 (1970). Finally, appellant contends that his conviction of simple assault must be vacated because it merges into his conviction of assault with a dangerous weapon as a lesser included offense. We affirm.

In advancing the claim that the trial court erred in not advising him of his right to represent himself when he asked for different counsel, appellant relies upon *Faretta v. California,* 422 U.S. 806, 95 S. Ct. 2525, 45 L.Ed.2d 562 (1975). In *Faretta,* the Supreme Court held that a defendant has a constitutional right to proceed without counsel when he voluntarily and intelligently elects to do so. Appellant's reliance upon this case is misplaced. *Faretta* does not require the trial judge to inform each defendant of his right to represent himself. Further, appellant's request for a substitution of counsel negates any inference that he was voluntarily electing to represent himself. The real issue is whether the trial court properly denied the motion for substitution of counsel. Before ruling, the court had considered the merits of appellant's complaint that counsel did not tell him about the case, and the adequacy of the representation he had received. In deciding that appellant was receiving adequate representation and denying the motion, the court did not abuse its discretion. *See McKoy v. United States,* D. C.App., 263 A.2d 645, 648 (1970); *Smith v. United States,* 122 U.S.App.D.C. 300, 307, 353 F.2d 838, 845 (1965).

---

1. D.C.Code 1973, § 22–502.

2. D.C.Code 1973, § 22–504.

During the voir dire of the initial jury venire, appellant's attorney asked the panel whether appellant's "prior conviction of attempted robbery [would] affect your consideration as to his guilt or innocence in this case alone . . . ."[3] The prosecutor objected and, at the bench, the trial court indicated that it was inclined to grant a mistrial. After some discussion, during which the court berated appellant's attorney for asking the question, appellant's attorney requested a mistrial. The prospective jurors, none of whom had been empaneled, were excused. Two months later, appellant was tried before a jury selected from a new panel. Appellant argues that the voir dire question was permissible and that the trial judge erred in dismissing the first jury venire. To remedy the alleged error, he asks that the charges be dismissed with prejudice.

■ The dismissal of the initial panel presents no double jeopardy problem because the jury had not been sworn and no evidence had been submitted. *United States v. Bristol,* D.C.App., 325 A.2d 183, 186 (1974). Since the appellant had a trial before a jury selected from another panel, the only issue is whether the trial court properly refused to permit the voir dire question. The trial judge has broad discretion in determining the scope and form of voir dire questions, but the exercise of that discretion is "subject to the essential demands of fairness."[4] The accused has a right to be tried by an impartial jury and, therefore, "may examine jurors concerning prejudices of a serious character showing a possible 'disqualifying state of mind'."[5]

The question at issue prejudiced the appellant more than it tested the impartiality of the jurors, because it tended to indicate, improperly, that prior convictions could be used as evidence of guilt rather than solely to impeach credibility. Furthermore, if the appellant decided not to take the stand to testify,[6] his prior conviction could not have been revealed to the jury. Therefore, the question was very prejudicial. Nor does it appear that appellant had any right to ask the challenged question. *See United States v. Brewer,* 427 F.2d 409 (10th Cir.1970), where the court affirmed a trial court's refusal to ask a similar question. We conclude that the trial court acted properly in excluding the question and dismissing the first jury venire.

■ During the trial, the government introduced a small caliber bullet fragment into evidence without objection from the appellant.[7] An officer testified that the fragment had been turned over to the police by the resident of the apartment whose window had apparently been broken by the gunfire. The bullet was turned over two days after the police had unsuccessfully examined the apartment.

■ It is asserted that certain references in the prosecutor's closing argument to the bullet fragment and the broken window constituted unfair comment, amounting to an unfair expression of the prosecutor's opinion, on the weight of the evidence. Appellant primarily complains of the prosecutor's statement that "No doubt, a bullet passed through that window. No doubt a fragment was found in that apart-

---

3. Transcript of Record at 15 (April 30, 1975).

4. *Davis v. United States,* D.C.App., 315 A.2d 157, 160 (1974), citing *Aldridge v. United States,* 283 U.S. 308, 310, 51 S.Ct. 470, 75 L.Ed. 1054 (1931); *Harvin v. United States,* D.C.App., 297 A.2d 774, 777 (1972).

5. *Davis v. United States, supra* note 4, at 160.

6. When appellant came to trial he did not take the stand to testify, so the second jury panel was not aware of his prior conviction.

7. We note that there may be a hearsay problem in the authentication of the bullet fragment by the police officer's testimony that it was given to him by a woman who resided in the apartment. However, appellant did not object to the officer's testimony or the admission into evidence of the bullet fragment. Its admission was not plain error affecting substantial rights. *See Lloyd v. United States,* D.C.App., 333 A.2d 387 (1975).

ment. And no doubt that that apartment is right here where [complainant] said he fled into. . . ."[8] Since appellant failed to object to any of the portions of the prosecutor's closing argument which he now challenges, this court may only notice aberrations which "rise to the level of 'plain error' affecting substantial rights." *Lloyd v. United States*, D.C.App., 333 A.2d 387, 390–91 (1975).

■ A prosecutor is entitled to make reasonable comments on the evidence and draw such inferences from the testimony as will support his theory of the case. *Mallory v. United States*, D.C.Mun.App., 178 A.2d 918, 919 (1962). At the trial, there was testimony by complainant's cousin that the apartment window broke when appellant fired his gun at complainant. The police officers, testifying as expert witnesses, stated that the window had a hole in it consistent with the type made by a bullet. The officer who checked the apartment testified that the bullet fragment was given to him two days after the incident by the resident of the apartment. There was expert testimony that the fragment was part of a small caliber bullet. Based upon this testimony, we conclude that the prosecutor's remarks in the closing argument merely drew permissible inferences from the evidence presented. Nothing the prosecutor said rises to the level of plain error.

■ The Federal Youth Corrections Act, 18 U.S.C. § 5010(d) (1970), permits a trial judge to sentence an otherwise eligible individual under any other applicable statute if he finds that the individual shall derive "no benefit" from sentencing under the Youth Act. Appellant contests his adult sentence by challenging the factual basis underlying the trial court's finding that he would derive "no benefit" from a sentence under the Youth Act. Appellant had a full hearing on the question of sentencing. The trial court noted that appellant had a long record of offenses and a poor employment record, that the instant offense was committed while appellant was serving a sentence under the Youth Act, and that appellant was unlikely to receive any training under the Youth Act that he could not receive under an adult sentence. The court then found that appellant would derive "no benefit" from a sentence under the Youth Act. The court's finding satisfied the requirements of 18 U.S.C. § 5010(d) and foreclosed further appellate review of the sentence. *Dorszynski v. United States*, 418 U.S. 424, 94 S.Ct. 3042, 41 L.Ed.2d 855 (1974); *Smith v. United States*, D.C.App., 322 A.2d 592 (1974).

■ Appellant's contention that his conviction of simple assault must be vacated because it merges into his conviction of assault with a dangerous weapon, as a lesser included offense, is without merit. The trial testimony supports a finding that appellant committed two separate and distinct assaults: simple assault by punching complainant and assault with a dangerous weapon by firing a pistol at him. In closing argument, the government told the jury there were two separate assaults. The judge's instructions to the jury indicated that each successive count of the indictment was not to be considered a lesser included offense of the other counts. Since there were two separate assaults, each proved by different evidence, we conclude that both convictions must stand. *See Cooke v. United States*, D.C.App., 213 A.2d 508, 509 (1965). *See also Hall v. United State*, D.C.App., 343 A.2d 35, 38–39 (1975).

Accordingly, the convictions and sentences are

*Affirmed.*

8. Transcript of Record at 107 (June 24, 1975).