CHARLES GERMAN *v.* STATE OF INDIANA.

[No. 1276S456. Filed March 13, 1978.]

68

*Charles F. Marlowe,* of Hammond, for appellant.

*Theodore L. Sendak,* Attorney General, *Gerald M. Arthur,* Deputy Attorney General, for appellee.

HUNTER, J.—The defendant, Charles German, was convicted by a jury of kidnapping and rape. He now appeals raising the following issues:

1. Whether the trial court erred in permitting defendant to represent himself;

2. Whether the court erred in denying defendant's pro se request for a continuance;

3. Whether the court erred in appointing standby counsel and in directing said standby counsel to take over the defense; and

4. Whether the court erred in admitting a statement made by a co-defendant.

The evidence most favorable to the state indicates that the defendant was identified as one of three men who abducted a young woman in Bloomington, Indiana, in January, 1975. The victim was taken in a van to a motel in Gary, Indiana, where she escaped from her abductors. During this period of time, the victim was threatened with a butcher knife and raped repeatedly by each of the three men. After she escaped, the victim identified the defendant from a group of seven pictures shown her at the police station and also positively identified the defendant at the trial.

The defendant was taken into custody in August, 1975. He was granted several continuances in order to retain private counsel, but in September he asked for pauper counsel. Then in November, he discharged the pauper counsel and hired a private firm to represent him. His trial was originally scheduled for February but after several continuances was finally held in April.

On the morning of the trial, after the jury had been sworn in, the defendant filed a notice of discharge of his attorney stating that he was dissatisfied with the type of representation he was getting. He requested a continuance in order to have time to hire another attorney. After carefully questioning the defendant about his reasons for wanting another

attorney and his qualifications for representing himself, the court denied the motion for a continuance. The defendant chose to represent himself during most of the trial, but the court appointed the defendant's former attorney as standby counsel and directed him to take over the defense at one point.

## I.

The defendant first alleges that the trial court erred in ordering the trial to continue and in ordering the defendant to represent himself. The record shows that the defendant first notified the court he was firing his attorney on the morning of the trial after the jury had been impaneled. One full previous day had already been spent in selecting the jury. At this point the defendant also asked for a continuance in order to retain other counsel. The court questioned the defendant as to why he was dissatisfied with his attorney and if anything had happened during the selection of the jury that made him dissatisfied. The defendant said nothing had happened during the selection of the jury to dissatisfy him, but he didn't like the way his attorney was handling his defense. The attorney had been on record as counsel for four months and was considered by the court to be "one of the most qualified criminal lawyers in Lake County." The attorney was unaware until the motion was filed that the defendant was considering discharging him.

The court questioned the defendant to determine whether defendant was qualified to represent himself and found that the defendant had completed two years of college but did not understand the rules of criminal trial procedure. The defendant stated that he did not feel qualified to handle his own defense, but he was also adamant in stating that he had dismissed his attorney. The court explained to the defendant that there would be no continuance and that the trial would have to go ahead either with the attorney of record or with the defendant representing himself. The defendant then said, "At this time, I am now prepared to handle my own defense."

It is clearly established that a defendant charged with having committed a felony be allowed representation by counsel. *Gideon* v. *Wainwright*, (1963) 372 U.S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799. Nevertheless, a defendant may not through a deliberate process of discharging retained or assigned counsel whenever his case is called for trial disrupt sound judicial administration by such delaying tactics. *United States* v. *Hampton*, (7th Cir. 1972) 457 F. 2d 299, *cert. den'd.* 409 U.S. 856, 93 S. Ct. 136, 34 L. Ed. 2d 101; *United States* v. *McMann*, (2d Cir. 1967) 386 F. 2d 611. The facts of a particular case determine whether or not the denial of a request for continuance to obtain counsel is a violation of a person's Sixth Amendment guarantee. *Ungar* v. *Sarafite*, (1964) 376 U.S. 575, 84 S. Ct. 841, 11 L. Ed. 2d 921. Indiana has similarly held that the trial courts may refuse to allow a defendant to replace his counsel during or immediately before a trial. *Magley* v. *State*, (1975) 263 Ind. 618, 335 N.E.2d 811.

The defendant alleges that the court forced him to represent himself. But the record shows that the court properly gave defendant the choice of continuing with the attorney of record or representing himself. The record also shows that the defendant was advised by the court of the dangers and disadvantages of self-representation and made the choice to represent himself voluntarily. The United States Supreme Court has held that a criminal defendant has the constitutional right to represent himself, as long as that choice is made knowingly and intelligently. *Faretta* v. *California*, (1975) 422 U.S. 806, 95 S. Ct. 2525, 45 L. Ed. 2d 562.

In the instant case, the court had a clear right to deny the request for a continuance after the trial had already started. The defendant had retained competent counsel and had been preparing for the trial with his counsel for over four months. The defendant had already been granted several continuances in order to obtain the type of

counsel he preferred. There was no evidence of any ineffectiveness of counsel. The defendant was adequately advised of the dangers of representing himself but voluntarily chose to represent himself rather than to continue with his attorney of record. Under these circumstances there was no trial court error in ordering the trial to proceed with the defendant representing himself.

## II.

The defendant next alleges that the trial court erred in refusing to grant defendant a continuance to enable him to prepare his own defense. As was discussed in Issue I, the trial court was correct in denying a continuance in order for defendant to secure new counsel after the trial had already started. The Supreme Court has noted in *Faretta, supra,* that "the right of self-representation is not a license to abuse the dignity of the courtroom." 422 U.S. 835, n. 46, 95 S. Ct. 2541, n. 46, 45 L. Ed. 2d 58, n. 15b, 16b.

The record shows that the defendant was not totally unprepared as he had notes from the victim's deposition, he had been provided about four weeks previously with a transcript of the victim's testimony at the trial of a co-defendant, and he had been working with his private attorney on his defense for several weeks.

The defendant bore the risk of any lack of preparation when he voluntarily discharged his private attorney and chose to represent himself on the morning of the trial. The record shows exemplary cooperation with the defendant by all parties involved. The court granted a recess several times during the trial for periods of ten to fifteen minutes to allow defendant to review his strategy, and the prosecution opened its case file to him.

A defendant's freedom of choice of counsel may not be used as a device to manipulate or subvert the orderly procedure of  the courts. *United States* v. *Casey,* 480 F. 2d 151, cert. den'd. 414 U.S. 1045, 94 S. Ct. 550, 38 L. Ed. 2d 336. There was no trial court error in denying de-

fendant's requests for a continuance after the trial had started and he had chosen to discharge his attorney and represent himself.

## III.

The defendant next contends that the trial court erred in appointing standby counsel and in directing said counsel to take over the defense. It is clearly established that the court's appointment of standby counsel is the recommended procedure to preserve defendant's rights when he elects to represent himself. *United States* v. *Dougherty,* (D.C. Cir. 1972) 473 F. 2d 113; *United States* v. *Spencer,* (2d Cir. 1971) 439 F. 2d 1047.

A trial judge may terminate self-representation by a defendant who deliberately engages in serious or obstructionist misconduct. *Illinois* v. *Allen,* (1970) 397 U.S. 337, 90 S. Ct. 1057, 25 L. Ed. 2d 353. In the case at bar the court's order for standby counsel to take over the defense was necessary because defendant abandoned his defense and said he would not participate further. Furthermore, the defendant had been abusive in his cross-examination of the prosecuting witness and had been warned several times about being argumentative with the witness and the court.

There was no trial court error in appointing standby counsel and ordering him to take over the defense when the defendant refused to continue.

## IV.

During direct examination, the victim testified about an obscene statement made by one of the co-defendants which could be interpreted as implicating the defendant. The defendant objected on the grounds that it was hearsay and the objection was at first sustained. The state then objected that the statement was part of the res gestae exception to the hearsay rule and the court overruled the objection. The obscene statement was made at the police station shortly after

the victim had escaped and two of the three men had been taken into custody.

There is some question as to whether the obscene statement could have seriously been offered to prove the truth of the matter asserted and therefore as to whether it was hearsay. Even if the statement was hearsay, the admission of the statement would have been harmless error beyond a reasonable doubt, in light of the amount and probative value of the other evidence in the record tending to sustain the finding of guilt. *Moreno* v. *State*, (1975) 166 Ind. App. 441, 336 N.E.2d 675.

The victim described in detail several acts of sexual abuse and identified the defendant as one of the three men who had abused her. Several latent fingerprints were found on metal pop cans in the motel room and some of these were identified as the defendant's fingerprints. We find the jury's verdict was sustained by sufficient evidence of probative value irrespective of the admission of the obscene statement.

For all the foregoing reasons the trial court did not commit error and the judgment of the trial court should be affirmed.

Judgment affirmed.

Givan, C.J., DeBruler, Prentice and Pivarnik, JJ., concur.

NOTE.—Reported at 373 N.E.2d 880.