JAMES HENRY RUSSELL *v.* STATE OF INDIANA

[No. 1278S291. Filed December 15, 1978.]

*Paul T. Cholis*, of South Bend, for appellant.

*Theodore L. Sendak*, Attorney General, *Susan J. Davis*, Deputy Attorney General, for appellee.

PIVARNIK, J. — Appellant Russell was convicted of second-degree burglary at the conclusion of a jury trial in the St. Joseph Superior Court on December 19, 1975. He was sentenced to an indeterminate term of two to five years imprisonment. On appeal to the Court of Appeals, Third District, appellant Russell's conviction was affirmed per Hoffman, J., with Garrard, J., concurring specially and Staton, J., concurring in part and dissenting in part. *Russell v. State*, (1978) Ind.App., 378 N.E.2d 872. Appellant petitions this court to grant transfer, and asks us to reverse the judgment of the Court of Appeals.

This case presents several related procedural problems concerning the right of self-representation under the case of *Faretta v. California*, (1975) 422 U.S. 806, 95 S.Ct. 2525, 545 L.Ed.2d 562. These questions concern how and when a defendant must assert the right of self-representation, and what the trial court must do when the right is thus asserted. *Faretta* does not answer these questions; the essence of that case was only the recognition of a Sixth Amendment basis for self-representation, and the holding that the state cannot force a lawyer on the defendant against his considered will. In the present case, appellant Russell claims that he was denied his right of self-representation by the trial court, contrary to the Sixth Amendment as interpreted by *Faretta*.

The facts necessary to a resolution of the questions presented are as follows. After being arrested for the crime of second-degree burglary, appellant appeared in open court without counsel on August 4, 1975. The court at this time found appellant indigent, appointed Public Defender Paul Cholis to represent him, and continued the case for arraignment. Appellant at the eventual arraignment pleaded not guilty, and was released without bond on his own recognizance. On August 27, 1975, the case was assigned to Judge Kopec, and counsel were ordered to appear on September 26 for the purpose of setting a trial date. On September 26, 1975, the case was set for trial on December

18. Discovery procedures were subsequently completed, and a motion for continuance on unspecified grounds was denied on December 16.

Trial began, as set, on December 18, 1975. The proceedings on that day began as follows, with the following colloquy between the court, appellant, and appellant's trial attorney Mr. Cholis:

THE COURT:   This is criminal cause number 18544, the State of Indiana vs. James Harvey Russell. Are you James Harvey Russell?

THE DEFENDANT:   Yes, sir.

THE COURT:   The defendant appears in person and by his counsel, Paul Cholis, and the State appears by Timothy McLaughlin. What record do you wish made?

MR. CHOLIS:   Your Honor, I believe it is an appropriate time right now to inform the Court, as I think it was properly indicated prior to this, that the defendant desires to conduct his defense. He feels that he is a competent attorney in his own behalf. He has had some experience and has done some research on the case and in the case of *Faretta v. California*, I believe we have a situation here which is not dissimilar and which says, if he makes the request, he does indeed have a right to conduct his trial in his own behalf. Do you have anything to say in addition to that?

THE DEFENDANT:   Your Honor, I feel that, under the circumstances of the case, I have more knowledge of the case, that I would be more competent in my behalf to conduct the trial myself.

MR. CHOLIS:   If I might add something, the only distinguishing case in the facts here from the *Faretta* case is that the indication is now given to the Court on the day of trial, or at least a couple of days before trial, of the defendant's wish to conduct his own defense. This is distinguishable from *Faretta*, the request that I made prior.

THE COURT:   The official indication was made to the Court this morning when the jury is called in and the jury is here and the fact is that the defendant has a Public Defender and has made no request to represent himself until the last minute. The Court will deny the request and the trial will proceed. I will say, if there is anything that he feels is not being fully covered, we can have a recess and you can tell me what questions you wish to ask.

THE DEFENDANT: If a person is competent, I believe I am competent to take and defend myself. Me and Mr. Cholis have had very little contact. I think he contacted me one week before the trial and that was through someone else.

THE COURT: Part of the problem has been the inability of him to reach you. Is that not correct, Mr. Cholis?

MR. CHOLIS: Yes, I did attempt to contact him eighteen days prior to the trial.

THE COURT: The Court has ruled. Let's bring in the jury.

Voir dire of the jury was then conducted and concluded. The record does not indicate that any request for pro se representation was made prior to the above, day of trial discussion. Appellant's Motion to Correct Errors in the trial court, his appellate briefs to the Court of Appeals, and his Petition to Transfer to this court all state and argue that appellant's pro se request was made on the morning of trial.

The Court of Appeals in this case reached a split decision, with three opinions. Appellant's pro se request was held properly denied, but only on the basis of the particular facts of the case. *Russell v. State, supra*, 378 N.E.2d at 883 (Garrard, J. concurring). At the same time, two judges have agreed to a five-part guideline for the resolution of *Faretta* procedural questions, which guideline would presumably be used in future cases. *Id.* at 881-83 (Garrard, J. concurring). Among other things, these guidelines propose procedures for the advisement of the right of self-representation at arraignment, and whenever the defendant either hesitates at accepting counsel before trial or expresses dissatisfaction with counsel during trial. The Court of Appeals has also proposed that the trial court, at the point of any such "complaint," must inquire into it and conduct a factual hearing on it. Because of the importance of these questions raised here, which this court has not yet comprehensively discussed, we grant transfer, vacate the opinions of the Court of Appeals in this case, and affirm the judgment of the trial court for reasons which will now be discussed.

Initially, it must be recognized that there are three overriding interests which must be balanced in the resolution of any procedural question in the self-representation context. First, there is the right to self-

representation itself, which the United States Supreme Court has held to be implicit in the language and history of the Sixth Amendment. *Faretta, supra,* at 422 U.S. 818-32, 95 S.Ct. 2532-39, 45 L.Ed.2d 572-80. Second, there is the defendant's Sixth Amendment right to counsel. *Gideon v. Wainwright,* (1963) 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799. Finally, there is the state's interest in preserving the orderly processes of criminal justice and courtroom decorum. *Illinois v. Allen,* (1970) 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353; *German v. State,* (1978) 268 Ind. 67, 373 N.E.2d 880. There is no necessary hierarchy among these interests, and they are not necessarily antithetical. However, as a practical matter, a decision to proceed to trial with counsel is necessarily a relinquishment of the pro se right, and vice-versa. Every criminal record before us will thus reflect a course of conduct by which the defendant accepted one form of representation over the other, by his words, affirmative conduct, or passivity. Our procedural rules in this area must not only ensure that the record reflect respect for all of defendant's rights; they must also, to the extent possible, prevent the manipulative defendant from fashioning a record which seems to reflect an unconstitutional denial of the path not chosen. *See Stepp v. Estelle,* (5th Cir. 1975) 524 F.2d 447, 455; *United States ex rel. Maldonado v. Denno,* (2d Cir. 1965) 348 F.2d 12, 16, *cert. denied sub nom. Diblasi v. McMann,* (1966) 384 U.S. 1007, 86 S.Ct. 1950, 16 L.Ed.2d 1020.

It is clear that the right to counsel can be relinquished only by a knowing, voluntary, and intelligent waiver of this right, under the rule of *Johnson v. Zerbst,* (1938) 304 U.S. 458, 58 S. Ct. 1019, 82 L.Ed. 1461. However, it does not follow that the relinquishment of the right of self-representation can only come about through a process measured by such waiver standard. It is not enough to say that both the right to counsel and the right of self-representation are constitutional rights, and that both arise from the Sixth Amendment. Rather, the standards for establishing the relinquishment of constitutional rights vary with the nature of the right under consideration, and the interests protected by the rights. *See, e.g., Schneckloth v. Bustamonte,* (1973) 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854; *Barker v. Wingo,* (1972) 407 U.S. 514, 93 S.Ct. 2182, 33 L.Ed.2d 101. The right to counsel ensures that all defendants have access to the professional skill and knowledge

needed to make the necessary procedural and substantive decisions in their trials; this right is also important to the implementation of the other constitutional rights of the accused, and helps ensure the accuracy of trial outcome in our adversary system. *Gideon v. Wainwright, supra,* at 372 U.S. 342-45, 83 S.Ct. 795-97, 9 L.Ed.2d 804-6. The right of self-representation, on the other hand, is not recognized because it furthers these types of fair trial interests; it may actually hinder such interests. The sole value furthered by the right of self-representation is that of personal autonomy. *See Faretta, supra,* at 422 U.S. 815-17, 95 S.Ct. 2531-32, 45 L.Ed.2d 570-71.

We thus do not think that a knowing, voluntary, and intelligent waiver of the right of self-representation is constitutionally mandated. *Accord, United States v. White,* (1970) 139 U.S. App. D.C. 32, 429 F.2d 711, 712; *United States ex rel Maldonado v. Denno, supra,* 348 F.2d at 16; *United States ex rel. Soto v. United States,* (3d Cir. 1974) 504 F.2d 1339, 1344 n.16; *Tuckson v. United States,* (D.C. 1976) 364 A.2d 138, 140; *People v. Salazar,* (1977) 74 Cal.App.3d 875, 888, 141 Cal. Rptr. 735, 761; *State v. Smith,* (Iowa 1974) 215 N.E.2d 225, 226; *People v. McIntyre,* (1974) 36 N.Y. 16, 17, 324 N.E.2d 322, 327, 364 N.Y.S.2d 837, 844. Further, there is no reason why we should create such a new procedural requirement, and hold that advisement of the right of self-representation is necessary. As stated by the California Court of Appeals in *People v. Salazar, supra,* such advices might suggest to the average defendant that he could in fact adequately represent himself and does not need an attorney, and it would be "fundamentally unwise" to impose a requirement to advise of the self-representation procedure which, if opted for by the defendant, "is likely to be to no one's benefit." We disapprove of the contrary intimations in the Court of Appeals' holding in the present case, and hold that there is no requirement that a defendant be advised of the right of self-representation at any stage, or under any circumstances, and that such advisements cannot even be characterized as a preferred procedure. Therefore, appellant Russell was not denied his right of self-representation by reason of the absence of such advisements in this case.

A necessary corollary of the principles just discussed is that the right

of self-representation must be asserted by the defendant before it can be claimed to have been denied. Thus, if the defendant proceeds to trial with counsel, without ever having properly asserted the right of self-representation, that right will be deemed to have been voluntarily forfeited. It only remains to discuss how and when the right of self-representation must be asserted, and this is the central problem presented in the present case. In the case of *Anderson v. State*, (1977) 267 Ind. 289, 370 N.E.2d 318, *cert. denied*, (1978) 434 U.S. 1079, 98 S.Ct. 1273, 55 L.Ed.2d 786, we held that the first requisite of an assertion of the self-representation right is that such assertion must be clear and unequivocal. The assertion must be "sufficiently clear that if it is granted, the defendant should not be able to turn about and urge that he was improperly denied counsel." *Id.*, 370 N.E.2d at 320. Half-hearted expressions of dissatisfaction with counsel and general references by the defendant to self-representation, such as those in *Anderson*, would fail to meet this requisite. Also requests that are essentially for "hybrid" representation would fail to be clear and unequivocal. *See, e.g., United States v. Gaines*, (N.D. Ind. 1976) 416 F. Supp. 1047. This procedural requirement, then, arises from a balancing of the three interests previously discussed: the right of self-representation, the right to counsel, and the interest in preserving orderly processes of criminal justice. Without the clear and unequivocal assertion requisite, "trial courts would be in a position to be manipulated by defendants clever enough to record an equivocal request to proceed without counsel in the expectation of a guaranteed error no matter which way the trial court rules." *Anderson, supra* 370 N.E.2d at 320-21. In the present case, the morning of trial representations made by appellant and his attorney met the *Anderson* standard of a clear and unequivocal assertion of the self-representation right. However, a second requisite of a proper assertion of that right is in question here: the timeliness of the assertion.

The court decisions recognizing the constitutional basis for self-representation, before and after *Faretta*, agree that the right must be timely asserted, and that this requisite is a proper limitation of the right. *Sapienza v. Vincent*, (2d Cir. 1976) 534 F.2d 1007, 1010; *United States ex rel. Maldonado v. Denno, supra*, 348 F.2d at 16; *Barnes v. State*, (1975)

258 Ark. 565, 570-72, 528 S.W.2d 370, 374-75; *People v. Windham*, (1977) 19 Cal.3d 121, 126-30, 137 Cal. Rptr. 8, 11-13, 560 P.2d 1187, 1190-92, *cert. denied*, (1977) 434 U.S. 848, 98 S.Ct. 157, 54 L.Ed.2d 116; *State v. Nix*, (1975) La., 327 So.2d 301, 353-54, *cert. denied sub nom. Fulford v. Louisiana*, (1976) 425 U.S. 954, 96 S.Ct. 1732, 48 L.Ed.2d 198; *People v. Reason*, (1975) 37 N.Y.2d 351, 354, 334 N.E.2d 572, 574, 372 N.Y.S.2d 614, 616. *See also Chapman v. United States*, (5th Cir. 1977) 553 F.2d 886, 893-95. There is disagreement, however, about how the timeliness requisite is to be phrased and applied. Essentially, two approaches have been taken. One is best exemplified by the opinion of the Fifth Circuit in *Chapman v. United States, supra*, which holds that an assertion of the right of self-representation is timely if it is made "before the jury is empaneled and sworn." The other approach, taken by the Supreme Court of California in *People v. Windham, supra*, is that the assertion is timely if it is made "within a reasonable time prior to the commencement of trial." In *Faretta* itself the demand was made "weeks before trial," *Faretta, supra*, at 422 U.S. 835, 95 S.Ct. 2541, 45 L.Ed.2d 582, although we do not think that the right must be asserted at that early a time to be realized.

Upon consideration of the various aforementioned interests involved in these *Faretta* procedural problems, we conclude that the right of self-representation must be asserted within a reasonable time prior to the day on which the trial begins. Morning of trial requests are thus per se untimely. None of the interests involved here, the right of self-representation, the right to counsel, or the interest in preserving an orderly criminal process, are furthered by the allowance of a last minute request such as was made in the present case. On the other hand, experience has shown that day of trial assertions of the self-representation right are likely to lead to a rushed procedure, increasing the chances that the case should be reversed because some vital interest of the defendant was not adequately protected. *See, e.g., Wallace v. State*, (1977) 172 Ind.App. 535, 361 N.E.2d 159, *trans. denied*, (1977) 267 Ind. 43, 366 N.E.2d 1176. We do not think that the requirement of a pre-trial assertion is in derogation of the Sixth Amendment right of self-representation. It is one thing to recognize that this right exists as a matter of the defendant's considered will and

intelligent choice, as discussed in *Faretta*; it is another thing to take an absolutist view of the personal autonomy interest which would enshroud last minute whim and caprice as a constitutional guarantee. Further, as mentioned earlier, a decision to proceed pro se is a relinquishment of the Sixth Amendment right to counsel. This right cannot be relinquished except by a knowing, voluntary, and intelligent waiver under the rule of *Johnson v. Zerbst, supra. Faretta* itself mandates that such a record of waiver be established, and also advises that the pro se defendant should be advised of the dangers and disadvantages of self-representation. *Faretta, supra*, at 422 U.S. 835, 95 S.Ct. 2541, 45 L.Ed.2d 581-82. *See also German v. State, supra*, 373 N.E.2d at 882-83. In view of this language in *Faretta*, the Indiana Court of Appeals and this court have rejected the earlier position of *Placencia v. State*, (1971) 256 Ind. 314, 317, 268 N.E.2d 613, 614, which stated that an accused who had been expressly advised of the right to counsel, and deliberately chose to proceed pro se, would be presumed to have considered the implications, consequences, and risks of self-representation. *Wallace v. State, supra*. Since it is now required that the record affirmatively show something more in terms of counsel waiver, we feel that it is unreasonable to expect that such a waiver can be established in a last minute, morning of trial assertion of the self-representation right. Whether or not the defendant himself, at this time, any longer respects his own right to counsel, it is clear that the court must establish respect for such right. We thus think that the defendant's right to counsel will be best respected if we require a pre-trial assertion of the self-representation right, so that it can be the subject of a pre-trial hearing and inquiry. Finally, the orderly administration of the courts will be facilitated by such a requirement. Day of trial assertions of the self-representation right, whether before or after empaneling of the jury, disrupt the time schedules of judges, counsel, and potential jurors, all who have been assembled for the occasion, and who can be assembled only at the expense of extra time and money. The counsel waiver inquiry on the day of trial may also disrupt the time schedules of other matters on the court's schedule, which have been planned around the present trial.

The question of what is a "reasonable time prior to the day on which

the trial begins" will, of course, depend on the facts of each case. *See People v. Windham, supra,* at 19 Cal.3d 128 n. 4, 137 Cal.Rptr. 12, 560 P.2d 1191. Respect must be accorded to the defendant's constitutional right of self-representation in the construction of this requisite. By requiring a "reasonable" time before day of trial, we intend only to prohibit those assertions of the self-representation right by which the defendant merely seeks delay for its own sake. This can best be judged with reference to the type of trial at hand, and the nature and involvement of the pre-trial proceedings. The more complicated the case, and the more involved the pre-trial proceedings, the earlier a "reasonable" assertion will naturally be, and vice-versa.

Finally, the trial court in the present case did not err, as the Court of Appeals intimates, by failing to hold a full hearing into this question on the morning of trial. Hearings on the question of self-representation need only be had when the right is properly asserted, by a clear and unequivocal request within a reasonable time prior to the first day of trial. The sole purpose of this hearing is to determine the defendant's competency to represent himself, and to establish a record of his waiver of his right to counsel. Since the assertion in this case was per se untimely, it was completely in the trial court's discretion to deny it summarily, and there was thus no reason for any hearing or inquiry.

In summary, appellant's right to self-representation in this case was not improperly or unconstitutionally denied. There is no requirement that a defendant be advised of that right at any stage or under any circumstances. Rather, this is a right which must be asserted with a request that meets two requisites: the request must be clear and unequivocal, and it must be within a reasonable time prior to the first day of trial. Then, and only then, must a hearing be held on the self-representation question, under the guidelines of *Faretta.* Any self-representation request made the day of trial or later may be summarily denied, for self-representation after this point is completely a matter of the trial court's discretion. As with the question of "hybrid representation," *see, e.g., Bradberry v. State,* (1977) 266 Ind. 530, 364 N.E.2d 1183, 1187, *and Swinehart v. State,* (1978) 268 Ind. 460, 376 N.E.2d 486, 490, the option denied appellant in this case was not a matter of right but a matter of grace.

One other issue needs to be addressed in this case. Appellant argued in the Court of Appeals that the evidence was insufficient to support his conviction of second-degree burglary. The Court of Appeals held that the evidence was sufficient, in view of the facts that appellant was discovered lying two feet beneath a broken window at the scene of the crime, that he had previously been in possession of gloves found on the window sill, and that he had remarked to another suspect about the availability of money on these premises. *Russell v. State, supra,* 378 N.E.2d at 880. We agree, and find the evidence sufficient to support this conviction.

Transfer is granted, and the opinions of the Court of Appeals in this case are vacated. The judgment of the trial court is affirmed.

Givan, C.J., Prentice, J. concur.

DeBruler, J. dissents with opinion in which Hunter, J. concurs with separate opinion.

Hunter, J. dissents with opinion.

## DISSENTING OPINION

DeBruler, J. — This conviction should be reversed on authority of *Faretta v. California,* (1975) 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562. In that case the United States Supreme Court held that:

"The Sixth Amendment does not provide merely that a defense shall be made for the accused; it grants to the accused personally the right to make his defense." 422 U.S. at 819, 95 S.Ct. at 2533.

In so holding the court required a knowing and intelligent waiver of the right to the assistance of counsel and an advisement of dangers and disadvantages of self-representation. It is generally accepted that the accused may *before* trial elect to conduct his own defense. *United States ex rel. Maldonado v. Denno,* (2d Cir. 1965) 348 F.2d 12; *Minor v. U.S.,* (8th Cir. 1967) 375 F.2d 170; *Johnson v. U.S.,* (8th Cir. 1963) 318 F.2d 855; *People v. Holcomb,* (1975) 395 Mich. 326, 235 N.W.2d 343; *Barnes v. State,* (1975) 258 Ark. 565, 528 S.W.2d 370. In *Maldonado, supra,* a case central in this area, as it was relied upon by the Supreme Court

in *Faretta*, the Court of Appeals gave consideration to the timing of motions for authority to conduct one's own defense, saying:

> "*Once the trial has begun* with the defendant represented by counsel, however, his right thereafter to discharge his lawyer and to represent himself is sharply curtailed. There must be a showing that the prejudice to the legitimate interests of the defendant overbalances the potential disruption of proceedings already in progress, with considerable weight being given to *the trial judge's assessment* of this balance." (Emphasis added.) 348 F.2d at 15.

This case and others go on further than to establish that the lateness of a motion effectuates a curtailment of the right and triggers the authority of the judge to deny the request after balancing the competing interests involved and making an individualized assessment. In the case before us the accused, prior to the commencement of the jury selection process asked the judge for permission to personally conduct his defense. The trial judge simply denied the motion saying that the request came too late. The majority approves of this arbitrary response, and in so doing has sanctioned constitutional error.

Hunter, J., concurs with separate opinion.

## DISSENTING OPINION

HUNTER, J. — Implicit in our opinion of *German v. State*, (1978) 268 Ind. 67, 373 N.E.2d 880, is the right to at least a brief hearing when a request for self-representation is made prior to trial but on the date of trial. I feel that this does not seriously inconvenience the court or the state's case and would be better than an arbitrary rule set up by judicial decree *sans* a written rule covering this situation. Of course, after the hearing, the granting of the request would still be at the discretion of the trial court.

NOTE — Reported at 383 N.E.2d 309.