## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 12 2018, 10:17 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Darren Bedwell
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Patrick Holmes,<br>*Appellant-Defendant*,<br><br>v.<br><br>State of Indiana<br>*Appellee-Plaintiff*. | July 12, 2018<br><br>Court of Appeals Case No.<br>49A05-1710-CR-2342<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Alicia Gooden, Judge<br><br>The Honorable Richard Hagenmaier, Commissioner<br><br>Trial Court Cause No.<br>49G21-1608-F4-33959 |

**Brown, Judge.**

[1] Patrick Holmes appeals the trial court's denial of his request to proceed pro se. We affirm.

## Facts and Procedural History

[2] On August 30, 2016, the State charged Holmes with unlawful possession of a firearm by a serious violent felon as a level 4 felony, possession of cocaine as a level 5 felony, carrying a handgun without a license as a class A misdemeanor, possession of marijuana as a class B misdemeanor, and operating a vehicle without ever receiving a license as a class C misdemeanor. On September 14, 2016, attorney Dana Childress-Jones filed an appearance for Holmes, and filed a motion to suppress in February 2017, which the court denied following a hearing on April 11, 2017. Holmes filed a letter with the court dated April 19, 2017, which stated that, although he had an attorney, he would like to have accurate and immediate notice of his case and asked the court to "forward the requested" to him personally at the jail. On April 24, 2017, the court denied the request and noted that Holmes was represented by counsel. Appellant's Appendix Volume II at 61.

[3] On May 1, 2017, Holmes filed a notice of appearance indicating that he filed the notice "for the sole purpose of litigating the attached motion, and not for any legal issue" and that he "is represented in all other issues by counsel" and attached a motion to certify the court's order denying his motion to suppress for interlocutory appeal. *Id.* at 63. On May 2, 2017, the court issued an order stating that all pleadings must be signed by the attorney of record and denying his appearance and motion for interlocutory appeal. On May 5, 2017, Attorney

Childress-Jones filed a motion to withdraw her appearance stating that Holmes's family was unable or unwilling to meet financial obligations for continued representation, and the court granted the motion. On May 12, 2017, attorney Brandon Byers of the Marion County Public Defender Agency filed an appearance to represent Holmes.

[4] On June 20, 2017, the court held a hearing at which Attorney Byers stated that Holmes's private attorney had filed a request for an interlocutory appeal and that the court had initially granted and then denied the request. The court noted that the request had been mistakenly granted, and Attorney Byers stated that the attorney-client relationship had been impacted and Holmes had a pro se motion he would like the court to consider. Holmes indicated that he was confused that the court initially granted and then denied his motion for an interlocutory appeal, the court indicated that the motion was mistakenly granted, and Holmes stated "I mean you know, I had this lawyer and then this lawyer. And everything. I axed [sic] for the file and no file is. And so . . . ." Transcript Volume II at 58. Attorney Byers then informed the court that he had wanted to review the record to see if Holmes could be released under Ind. Criminal Rule 4(A), that he contacted Holmes's prior counsel to discuss previous motions to continue and after hearing from her felt that Holmes did not have a viable Criminal Rule 4(A) issue, and that Holmes is upset with that. Holmes stated "I didn't – you know, the continuances that she requested" and "she already know that I wasn't – was no continuance, you know that I'm sayin'." *Id*. at 58-59. The court told Holmes that he seemed confused about a

lot of things in the case, that these matters become very complex at times, that it thought Holmes should take a little time to work with Attorney Byers, and it asked Holmes if that was okay, to which Holmes responded affirmatively. After Attorney Byers confirmed that he did not believe there were any Criminal Rule 4(A) issues, the court stated that it would schedule the trial as quickly as it could and set the trial for August 24, 2017.

[5]     Holmes filed a Notice of Intent to Proceed Pro Se and Waiver of Right to Counsel dated June 22, 2017, and filed-stamped June 27, 2017. On July 7, 2017, attorney Kate Cook of the Marion County Public Defender Agency filed an appearance to represent Holmes. In a letter dated July 7, 2017, and file-stamped as received on July 17, 2017, Holmes asked that a hearing be scheduled on his notice of intent to proceed pro se and stated: "My intentions are to obtain Hybrid representation hopefully with my present counsel." *Id*. at 92. In a letter dated July 31, 2017, and file-stamped as received on August 8, 2017, Holmes stated that Attorney Childress-Jones withdrew from his case without giving him a reason and that he was appointed a public defender "who doesn't want to cooperate by filing appropriate motions at my request." *Id*. at 96. Holmes also stated that Attorney Cook saw him at the jail and told him that she would file a Criminal Rule 4(A) motion and motion for presiding judge and would subpoena his potential witness, that it had been almost two weeks, that he did not think there was enough time for Attorney Cook to prepare for his case, and that he was requesting the court to respond to his notice "to proceed 'pro se' that's on file or allow [him] to proceed 'pro se' with standby

counsel." *Id.* at 97. On August 10, 2017, Holmes by counsel filed a motion to release under Criminal Rule 4(A).

[6] On August 14, 2017, the court held a hearing at which Holmes appeared and was represented by Attorney Cook. Upon questioning by the court, Holmes indicated that he wished to represent himself and that he was aware that he would be bound by the same rules and procedures as any attorney. The court asked Holmes what he believed "going Pro Se means," and Holmes stated in part "I been here right at a year now," "I been fightin' this case," "I done had three attorneys," "[t]his is my third attorney now," "[o]kay, one got off it - off of my case without me even knowin' it," "there was certain things I axed [sic] [Attorney Byers] would he file," and "he wouldn't file it." Supplemental Transcript at 6. The court stated "I know that you are not absolutely happy with your representation in the past," noted that his trial was scheduled for August 24th, and asked "[s]o tell me what you think you are going to be doing," and Holmes responded "[r]epresentin' myself, I guess." *Id.* at 7. The court asked Holmes if he knew how to pick a jury, he replied that he did not and "I can represent myself because [Attorney Cooks] only had my case it ain't been a month." *Id.* The court asked Holmes if he knew how to have a juror picked and to challenge them, and Holmes answered "now this I don't know. Now, I did a Motion Pro Se with standby counsel. That's what I did axe [sic] for." *Id.* at 8. Holmes indicated that he understood that an attorney would be better at investigation, interrogation, plea negotiation, and would have greater

skills than him. He stated he had completed one year of college in 1991. The court stated:

> Well, this trial is set August 24th. I am going to deny your request to proceed Pro Se at this time. I just don't think that you are capable of pulling that off yourself. There's a lot of things that you need to do that you have no idea how to do. You don't know how to challenge a jury. You don't know how to pick a jury. You certainly don't understand the rule[s] of Civil Procedure and the Rules of Evidence at this point. So given the fact that you are only going to have about a week, week and a half to figure that out I am going to deny your request to proceed Pro Se at this point.

*Id*. at 11. Attorney Cook then presented arguments in support of Holmes's motion under Criminal Rule 4(A), and the court denied the motion.

[7] On the State's motion, the court dismissed the charge of carrying a handgun without a license. The jury found Holmes guilty of possessing a firearm, possession of cocaine, possession of marijuana, and operating a motor vehicle without a license, and the court found that he was a serious violent felon and entered judgment of conviction on the four counts.

## Discussion

[8] Holmes asserts that he was improperly denied the right to represent himself. The Sixth Amendment, applicable to the states through the Fourteenth Amendment, guarantees a criminal defendant the right to counsel before he may be tried, convicted, and punished, and this protection also encompasses an affirmative right for a defendant to represent himself in a criminal case. *Hopper*

*v. State*, 957 N.E.2d 613, 617 (Ind. 2011) (citing *Faretta v. California*, 422 U.S. 806, 807, 95 S. Ct. 2525 (1975)).

[9] Holmes asserts that his request for self-representation in this case was timely, clear, and unequivocal. He states he asserted the right to self-representation repeatedly, that even on August 14, 2017, ten days remained until the scheduled trial, and that this Court should hold that his requests were timely. He also argues that his answers to the court's questions were sufficient to establish a knowing, voluntary, and intelligent waiver of the right to counsel.

[10] The State responds that, prior to the August 2017 hearing, all of Holmes's requests were for hybrid representation and were not unequivocal requests to proceed solely pro se or he later acquiesced to representation. It maintains that, given the context of this case including his request for discharge under Criminal Rule 4, it was reasonable for the trial court to conclude that Holmes's request for self-representation ten days before trial was not timely.

[11] The Indiana Supreme Court has observed that a request to proceed pro se is a waiver of the right to counsel and that consequently there are several requirements to invoking the right of self-representation successfully. *Stroud v. State*, 809 N.E.2d 274, 279 (Ind. 2004). A defendant's request must be clear and unequivocal, and it must be made within a reasonable time prior to trial. *Id.* In addition, a defendant's choice to proceed pro se must be knowing, intelligent, and voluntary. *Id.* The Court also held that, even after a defendant has asserted the right to self-representation, the right may be waived through

conduct indicating that the defendant is vacillating on the issue or has abandoned the request. *See id.* at 280-281. The length of a reasonable time prior to trial depends on the facts of the case. *See Russell v. State*, 270 Ind. 55, 63-64, 383 N.E.2d 309, 315 (1978). "The more complicated the case, and the more involved the pre-trial proceedings, the earlier a 'reasonable' assertion will naturally be, and vice-versa." *Id.* at 64, 383 N.E.2d at 315. "[W]e will most likely uphold the trial judge's decision to honor or deny the defendant's request to represent himself where the judge has made the proper inquiries and conveyed the proper information, and reaches a reasoned conclusion about the defendant's understanding of his rights and voluntariness of his decision." *Poynter v. State*, 749 N.E.2d 1122, 1128 (Ind. 2001) (citing *United States v. Hoskins*, 243 F.3d 407, 410 (7th Cir. 2001)).

[12] We observe that, at the June 20, 2017 hearing, the court told Holmes that it thought he should work with Attorney Byers and asked Holmes if that was okay, and Holmes responded affirmatively. Also, Attorney Byers indicated he did not believe there were any Criminal Rule 4(A) issues, and the court stated it would schedule the trial as quickly as it could and set the trial for August 24, 2017. While Holmes filed a notice of his intent to proceed pro se dated June 22, 2017, and file-stamped June 27, 2017, his July 7, 2017 letter stated that his intention was to obtain hybrid representation with his present counsel, and his July 31, 2017 letter asked the court to respond to his request to proceed pro se or pro se with standby counsel. To the extent Holmes requested some form of hybrid representation, the Court has held that the Sixth Amendment does not

require a trial court to permit hybrid representation, *see Henley v. State*, 881 N.E.2d 639, 647 (Ind. 2008). The trial court was not required to grant Holmes's request to the extent it was equivocal or, after he initially asserted the request, he waived the right through conduct indicating he was vacillating or had abandoned the request. *See Stroud*, 809 N.E.2d at 280-281.

[13] At the August 14, 2017 hearing, ten days prior to trial, the court noted Holmes's requests for some type of pro se or hybrid representation and for release under Criminal Rule 4(A). The court questioned Holmes about his desire to represent himself, and Holmes essentially expressed dissatisfaction with his previous representation and indicated that he did not believe his current counsel had adequate time to prepare for trial. Holmes also acknowledged that he did not know how to participate in jury selection and that an attorney would be better at investigation, interrogation, and plea negotiation. The court indicated that, given the time remaining before trial and the fact it did not believe Holmes could prepare for trial in that time, it was denying Holmes's request to represent himself. The record, including the relative complexity of the case and Holmes's Criminal Rule 4 motion, does not demonstrate that Holmes unequivocally requested to represent himself within a reasonable time prior to trial. *See id*. at 280 (noting that the court properly denied the defendant's request to represent himself at a trial the following week for a lack of timeliness and that the trial judge was in the best position to evaluate the defendant's sincerity and the clarity of his request) (citing *Russell*,

270 Ind. at 64, 383 N.E.2d at 315 (noting the impact of the relative complexity of a case)).

## *Conclusion*

For the foregoing reasons, we affirm the trial court's ruling.

Affirmed.

Bailey, J., and Crone, J., concur.