## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 30 2019, 9:02 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Yvette M. LaPlante<br>LaPlante LLP<br>Evansville, Indiana | Curtis T. Hill, Jr.<br>Attorney General of Indiana<br><br>Jesse R. Drum<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Roy Clifford Bebout,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | October 30, 2019<br><br>Court of Appeals Case No.<br>19A-CR-1052<br><br>Appeal from the<br>Vanderburgh Circuit Court<br><br>The Honorable<br>Michael J. Cox, Magistrate<br><br>Trial Court Cause No.<br>82C01-1810-F3-6908 |

**Kirsch, Judge.**

[1] Roy Clifford Bebout ("Bebout") was convicted after a jury trial of attempted rape[1] as a Level 3 felony, criminal confinement[2] as a Level 3 felony, kidnapping[3] as a Level 3 felony, two counts of criminal confinement,[4] each as a Level 5 felony, and strangulation[5] as a Level 6 felony and was sentenced to twenty-five years executed in the Indiana Department of Correction. Bebout appeals and raises the following issue for our review: whether the trial court erred when it denied Bebout's request to represent himself.

[2] We affirm.

## Facts and Procedural History

[3] On October 12, 2018, K.H., who was a juvenile at the time, was walking to her job at a McDonald's restaurant, which was about a five-minute walk from her home. *Tr. Vol. II* at 69-70. As she crossed the parking lot of a closed grocery store, a man, whom she later identified in a line-up as Bebout, got out of his truck and stuck a gun in her right side, stating "This is a gun, if you try to run, I'm going to shoot you." *Id.* at 70-72. The two struggled until K.H. was inside of Bebout's truck on the passenger side floorboard where the scuffle continued as Bebout attempted to handcuff K.H. *Id.* at 72. Bebout slammed K.H.'s head

---

[1] *See* Ind. Code §§ 35-42-4-1(a); 35-41-5-1.

[2] *See* Ind. Code § 35-42-3-3.

[3] *See* Ind. Code § 35-42-3-2.

[4] *See* Ind. Code § 35-42-3-3.

[5] *See* Ind. Code § 35-42-2-9(c).

against the console and tried to put a yellow ball with a string on it into her mouth. *Id*. at 72-73. K.H. continued to struggle, and at one point, she grabbed his gun and threw it into the backseat, but Bebout was able to retrieve it. *Id*. at 73. She also took the pepper spray that she was wearing around her neck and tried to spray him, but he wiped the spray onto her face. *Id*. at 75. During the struggle, K.H. tried to call police on her cell phone, and she also asked Bebout questions. *Id*. at 74. She indicated that she had $16 and offered it to Bebout. *Id*. He told her that he did not want her money and that he wanted her to perform oral sex on him. *Id*. Bebout was eventually able to handcuff K.H., and once he had done so, he shoved her legs into the truck and walked around to get into the driver's seat. *Id*. at 76. At that time, K.H. was able to open the truck door and escape the vehicle. *Id*. She saw a bus in the parking lot and ran across the street to where it was located. *Id*. She made contact with the bus driver, who called police. *Id*.

[4] The police arrived and cut the handcuffs off of K.H. *Id*. at 77. The bus driver reported that he had observed a red Dodge pickup truck leave the parking lot. *Id*. at 91. At the scene, the police located a cell phone near where the truck had been parked. *Id*. at 98, 101-02. Officers later called the contact labeled "Mom" in the cell phone. *Id*. at 105. The woman who answered the phone identified herself as Bebout's mother and identified the phone and number the police called from as belonging to her son, Bebout. *Id*. Later that day, the police located Bebout at his employment in another county, and they went to that location to arrest him. *Id*. at 158-60. After arresting Bebout, the police

obtained a warrant to search his red Dodge pickup truck. *Id*. at 110, 113. During the search of the truck, they found zip ties, rope, and a pillowcase. *Id*. at 117. In their investigation, the police also recovered a yellow ball with a string attached and an airsoft pistol that matched the description of the gun used by Bebout. *Id*. at 150-51; *Tr. Vol. III* at 33. Officers questioned Bebout, and he admitted to the struggle that took place between him and K.H. *Tr. Vol. III* at 7-8. He denied asking her to perform a sex act on him, and instead suggested that she had offered to do so during her plea for help. *Id*. at 9.

[5] On October 15, 2018, the State charged Bebout with Level 3 felony attempted rape, Level 3 felony criminal confinement, Level 3 felony kidnapping, two counts of Level 5 felony criminal confinement, and Level 6 felony strangulation and alleged that he was a repeat sexual offender. *Appellant's App. Vol. II* at 21-23, 27. Bebout was appointed a public defender. *Id*. at 10. A jury trial was scheduled to commence on March 11, 2019, and on the morning of the jury trial, Bebout indicated that he wanted to represent himself at trial. *Tr. Vol. II* at 4. The trial court denied Bebout's request because he was "not prepared to represent" himself "on the morning of trial." *Id*. at 18. The trial then proceeded with Bebout being represented by his appointed counsel. *Id*. At the conclusion of the trial, the jury found Bebout guilty as charged. The trial court sentenced him to an aggregate sentence of twenty-five years executed. Bebout now appeals.

# Discussion and Decision

[6]  Bebout argues that the trial court erred when it denied his morning-of-trial request to represent himself at trial. The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to counsel. *Wilson v. State*, 94 N.E.3d 312, 320 (Ind. Ct. App. 2018) (citing *Jones v. State*, 783 N.E.2d 1132, 1138 (Ind. 2003)), *trans. denied*. "Implicit in the right to counsel is the right to self-representation." *Id*. (citing *Drake v. State*, 895 N.E.2d 389, 392 (Ind. Ct. App. 2008)). A criminal defendant has the right to waive counsel and proceed pro se if it is shown that he does so of his own free will, knowing and understanding his constitutional right to be represented by counsel. *Campbell v. State*, 732 N.E.2d 197, 203 (Ind. Ct. App. 2000) (citing *Olson v. State,* 563 N.E.2d 565, 570 (Ind. 1990)). However, the right to self-representation must be asserted within a reasonable time prior to the first day of trial. *Id*. Our Supreme Court has held that a request to proceed pro se on the morning of trial is per se untimely, and denial of a request to proceed pro se on the ground of untimeliness is permissible. *Moore v. State*, 557 N.E.2d 665, 669 (Ind. 1990); *Dixon v. State*, 437 N.E.2d 1318, 1321 (Ind. 1982); *Russell v. State*, 270 Ind. 55, 62, 383 N.E.2d 309, 314 (1978). *See also Campbell*, 732 N.E.2d at 204; *Hotep-El v. State*, 113 N.E.3d 795, 809 (Ind. Ct. App. 2018), *trans. denied*.

[7]  Here, Bebout did not request to represent himself until the morning of trial. Under the circumstances of this case, Bebout's request to proceed pro se was per se untimely and properly denied by the trial court. We, therefore, affirm Bebout's convictions.

[8]     Affirmed.

Baker, J., and Crone, J., concur.